## HUNT v. CURRY.

1. **APPEAL:** *On overruling motion for new trial in Chancery.*
   Where a party excepts to the overruling of his motion for a new trial in a Chancery case, and prays and obtains an appeal, it will be construed to be an appeal from the decree of the Court and not alone from the overruling of the unnecessary motion for new trial.

2. **TAX SALE:** *Purchaser's, remedy for taxes paid upon an invalid sale.*
   If a tax sale prove invalid for any informality in the proceedings of any officer having any duty to perform in relation thereto, the purchaser has a personal right and remedy against the owner, and a lien upon the land as against him or his assignee for the taxes, penalty, cost and interest thereon, from the time of payment, and for all subsequent taxes paid by him: but he can have no personal decree against the assignee, for taxes accrued on the lands before the assignment; and in a suit against the assignee to enforce such lien, he may have the former owner made defendant for personal decree against him, The failure of the purchaser to pay the excess of his bid over the aggregate amount of taxes, penalty and cost due on the land before receiving the certificate of purchase, will not toll his relief for the amount paid.

3. **SAME:** *Taxes paid before sale, no remedy against owner or the land.*
   Where land is sold for taxes which have been paid, the purchaser is without remedy against the owner or the land, to recover them.

4. **SAME:** *Object of the Statute for tax sales.*
   It is the policy of the Statute to protect purchasers paying the taxes upon lands of defaulting owners.

5. **CHANCERY SALE:** *For enforcement of lien.*
   A sale in Chancery to enforce a lien on land must be on credit, as provided by section 4708, Gantt's Digest.

APPEAL from *Ashley* Circuit Court in Chancery.
Hon. T. F. SORRELLS, Circuit Judge.

*J. W. Van Gilder*, for appellant:

Relied upon the fact, that the complaint does not state, nor the evidence prove any · *informality* on the part of the

Sheriff to invalidate the sale, but that the plaintiff lost the land by failing to pay the whole of his bid, including the surplus.

The suit was founded on section 178, of Rev. Acts of 1871, (*see pamph. Acts, p.* 184.)

The complaint fails to show who was the proprietor of the lands, when sold in 1872 ; a subsequent purchaser would not be liable in this action.

No informality on the part of the Sheriff is set out in the complaint. The pretended informality was on the part of the Clerk in giving certificate of purchase before payment of the whole. There was fault on the part of the *purchaser*, as well as the officer.

*S. P. Hughes*, for appellee :

There was no proper appeal in this case. A motion for a new trial was not good practice, and the appeal should have been from the principal judgment, and not from the order overruling the motion. The case should be dismissed, citing *Sykes* v. *Laferry*, 26 *Ark.*, 414.

The object of section 178 (*p.* 184), Acts of 71, was, in all cases, to throw the burden of the taxes on the real proprietor, and to prevent purchasers at tax sales, who paid taxes, from losing their money. This is natural equity.

It was *informality* on the part of the tax collector, not to have demanded and taken the whole amount of the bid, and paid it over as required by law.

The proprietor of land cannot suffer by having to repay taxes on his land paid by another.

ENGLISH, C. J. This suit was commenced on the Chancery side of the Circuit Court, of Ashley county, the eighteenth day of December, 1877, by Robert S. Curry, against Susan M. Hunt.

The bill was brought under the provisions of section 178, of the revenue act of March twenty-fifth, 1871 (*Acts of* 1871, *p.* 187), which was re-enacted as section 181 of the revenue act of twenty-eighth of Arpil, 1873 (*Gantt's Dig. sec.* 5214), to enforce a lien on lands for taxes paid by complainant.

The bill alleges in substance, that at a tax sale, made by the collector of Ashley county, in May, 1872, complainant purchased four tracts of land, which are described and the amount of taxes, penalty and costs charged on each tract, and the sum bid for it, are stated ; the aggregate of the former being $296, and of the latter $779.

That complainant paid the collector the aggregate amount of the taxes, penalties and costs ($296.47), and obtained from the clerk a certificate of purchase, who, after the expiration of the time allowed by law for redemption, executed to him a tax deed for the lands.

That one Williamson Hunt was at that time in possession of the lands, claiming to be the owner thereof, and complainant instituted suit therefor in the Ashley Circuit Court, the tenth of February, 1875, for the purpose of possessing himself of the lands, and on the final trial thereof, in August, 1876, the tax sale was held invalid on account of some informality in the proceedings of the collector who made the sale, and judgment was rendered against him.

That as complainant was informed and alleged, the informality consisted in the fact that the collector had permitted him to receive the certificate of purchase before he had paid to the collector the surplus, to be deposited in the County Treasury, as directed by the Statute.

That Susan M. Hunt, who is made defendant, is the proprietor of the lands.

There was a claim for taxes paid subsequent to the tax sale, but no decree for them.

The bill prayed a decree for the $296.47, the aggregate amount of taxes, penalties and costs, paid by complainant, with interest thereon ; that the sum charged on each tract and paid by him, be declared a specific lien thereon, and that the tracts be severally condemned and sold for the satisfaction of the decree.

The answer of the defendant is brief.

She admits the sale as alleged, and that the sale, at a trial at law, was held invalid, but denies that it was on account of some informality in the proceedings of the collector, and demurs to the bill, because :—

*First.* It does not state facts sufficient to constitute a cause of action ; and,

*Second.* That it does not state, or show what the informality in the proceedings of the collector was.

On the hearing the demurrer was overruled, and decree as prayed by the bill.

Defendant filed a motion for a new trial (which was not necessary in a Chancery case) which motion, a record entry states, the Court overruled ; to which ruling the defendant at the time excepted, "and prays an appeal to the Supreme Court, which prayer is by the Court granted."

I.   Upon this entry the counsel for appellee submits that the prayer and grant of appeal were from the decision of the Court overruling the motion for a new trial, and not from the decree in the cause, and that therefore the appeal should be dismissed.   Doubtless the prayer and grant of appeal were intended to apply to the decree, and to construe the entry so as to restrict them to the decision of the Court overruling the unnecessary motion for a new trial, would be to overlook substance and grasp at a shadow.

II.   The bill purports to exhibit a transcript of the judgment in the ejectment suit, and the decree entry states that

1. APPEAL On over-ruling mo-tion for new trial in Chan-cery.

the cause was heard upon bill, answer, exhibits and depositions ; but in the transcript before us there are no exhibits.

Appellee read the depositions of witnesses, who stated that they were jurors in the ejectment suit, and in response to leading questions, several of them deposed that as they remembered it, the tax sale was held invalid, because appellee received the certificate of purchase before he paid the surplus bid by him for the lands. There appears, however, to have been no motion to suppress these depositions, and no question is made upon the evidence here.

2. TAX SALE: Purchaser's remedy for taxes paid upon invalid sale.

III. It is submitted for appellant that the bill was insufficient, and the demurrer thereto should have been sustained on the grounds :—

*First.* That the bill fails to state who was the proprietor of the lands at the time of the tax sale in 1872. That it alleges that at the time the tax deed was issued, Williamson Hunt was in possession of the lands, claiming to be the owner thereof ; and that at the time of the institution of this suit, appellant, Susan M. Hunt, was the proprietor of the lands. And it is submitted that, under the Statute, the lands would only be bound in the hands of the proprietor at the time of the sale, and he only could be sued. That a subsequent purchaser would not be liable in this kind of action.

The Statute provides that :—

" Upon the sale of any land, or town or city lot, or part thereof, for taxes then due, if such sale should prove invalid on account of any informality in the proceedings of any officer having any duty to perform in relation thereto, the purchaser shall be entitled to receive from the proprietor of such land or lot the amount of taxes, interest, penalty and costs of advertising, with interest thereon from the payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, and *such land or lot shall*

Hunt v. Curry.

*be bound for the payment thereof;* and, in the event the
purchaser having bid and paid a greater amount than the
taxes, penalty and costs of advertising, the county clerk
shall draw a warrant on the treasurer for the amount of
such excess as may have been paid thereon, in favor of the
purchaser or his assignee.''

By the word *"proprietor,"* as used in this act, is clearly  PROPRIE-
TOR:
meant the defaulting owner, or person under legal obliga-  Who is.
tion to pay taxes on the land or lot, and on account of  Is liable to
purchaser
whose failure to pay them the sale occurs.   As against such
proprietor the Statute gives the purchaser a personal right,
and of course a personal remedy.

Appellant is not alleged to have been the proprietor of
the lands at the time of the tax sale, or to have been under
any obligation to pay the taxes, etc., for which they were
sold.   But the bill did not seek to charge her personally,
and the decree was *in rem* against the land.   She was al-
leged to be proprietor of the lands at the time of the insti-
tution of the suit, which was not denied by her answer, but
admitted by her demurrer, and she was properly made de-
fendant, as the bill sought to charge the lands.   When or
how she became proprietor of the lands, was not stated in
her answer.

But the Statute goes further.   It provides that the land
or lot shall be bound for the amount of the taxes, etc.,
charged thereon at the time of the sale, and subsequent
taxes, paid by the purchaser.   In other words, it gives the
purchaser a lien upon the land or lot for the amounts so
paid by him ; and which he can enforce in Chancery.   It
would be a narrow view of the Statute, and not warranted
by its language, so to construe it as to confine the lien to
the time the land or lot remains in the hands of him who
was its proprietor at the time of the tax sale, and to hold

that the lien may be defeated by a change of owners, which may often happen.

If one might be an innocent purchaser in such case, appellant interposed no such defense.

Appellant might have asked, for her own protection, that the former owner, who should have paid the taxes, and for whose default the lands were sold, and was, therefore, personally liable for them, be made defendant, but this was not done, nor did she demur to the bill for defect of parties. *Gantt's Dig.*, sec. 4564–5.

Failure of purchaser to pay excess, no prejudice.

IV. It is further submitted that the demurrer should have been sustained to the bill, because it does not allege any informality in the proceedings of the collector, within the meaning of the Statute. That the alleged informality was matter with which the collector had nothing to do. That if the clerk gave appellee a certificate of purchase without the payment of his bid, it was a fraud on the owner, and that appellee was the principal party to the fraud. That it was his duty to pay his bids, and if he failed to do so, it was his own fault, and not the collector's. That his failure to pay the surplus, could not possibly be an informality on the part of the collector. Such is the argument of the counsel for appellant.

It is not true that if appellee failed to pay the whole of his bids on the several tracts of land before the certificate of purchase was issued by the clerk, the collector was not at fault. It was the legal duty of the collector to require appellee to pay the whole amount bid for each tract before the clerk issued the certificate of purchase, and to deposit the excess or surplus of the bids, over and above taxes, penalties and costs, in the county treasury, to the credit of the owner of the lands.

If, when the lands were struck off to appellee, he failed

Hunt v. Curry.

to pay his bids, it was the duty of the collector to re-sell the lands.

It seems, however, that appellee paid to the collector the aggregate amount of taxes, penalties and costs charged upon the four tracts of land purchased by him, and that the collector indulged him for the surplus, which was probably paid after the issuance of the certificate of purchase, and before the execution of the tax deed, for the bill does not aver that it was never paid, but that the collector permitted appellee to receive the certificate of purchase before he had paid the surplus.

True, appellee was in fault as well as the collector; but he suffered for his fault by having the tax sale declared invalid in the ejectment suit; whether rightfully or not, is a question not before us in this case.

Appellee certainly does not allege that he was guilty of any fraud in the matter; none was averred in the answer, and the demurrer to the bill merely admits the truth of its allegations.

If it had been shown that the proprietor of the lands had paid the taxes, or that they were not subject to taxation, appellee would have had no personal claim upon him, or lien upon the lands, for the taxes, penalties and costs paid by him.

3. TAX SALE: If taxes paid before sale, purchaser without remedy.

But the owner was a defaulter, and appellee has the merit of having paid them on his bids, and though he was to blame, as well as the collector, for obtaining the certificate of purchase before he paid the surplus, yet he was punished for that by loss of his tax deed, and it would seem hard to inflict a further punishment upon him by declaring that he has no remedy under the Statute to reclaim the amount of taxes, penalties and costs paid by him upon the lands.

The policy of the State is to favor those who pay taxes upon lands for defaulting owners.

4. SAME: Statute favors purchasers.

The language of the Statute is: "If such sale should prove invalid, on account of any *informality* in the proceedings of any officer having any duty to perform in relation thereto."

"Inform-ality," What·is. All the steps in the process, from the assessment to the execution of the tax deed, are related to the sale, and any substantial omission of legal duty, misconduct, or irregularity of any officer connected with the process, for which the sale should be held invalid, may be deemed an *"informality"* within the meaning of the act. We are not disposed to take the word in a strict literal sense, and thereby limit the obvious purpose of the Statute.

V.   There is an error, however, in the decree, for which it must be reversed.

5.  CHAN-CERY SALE: To enforce lien must be on credit. The suit was to enforce a lien upon lands, and the decree should have directed the commissioner to sell them on credit, as required by the Statute ( *Gantt's Dig.*, sec. 4708), if not redeemed by the day named, instead of for cash, as it in effect did.

Reversed, and remanded for further proceedings.