R. H. BINGHAM, Appellant, *vs.* THE BOARD OF SUPERVISORS OF WINONA COUNTY, Respondents.

APPEAL FROM THE DISTRICT COURT OF WINONA COUNTY.

In an action by a county treasurer against the county, to recover compensation for services in making out certificates of sale of lands for delinquent taxes, the parties stipulated that no question or fact should be submitted or urged before the Court by either party, other than that which relates to the amount of fees which the Plaintiff is entitled to recover under the statute regulating fees in such cases. *Held,* that under this stipulation, the Defendant could not raise the objection that the Plaintiff had not complied with the requisitions of the statute in making the sale.

The intent of the Legislature which enacts a statute is that which is to govern a court in its construction. The opinion of a subsequent Legislature as to the construction of a statute enacted by a previous one, is entitled to no more weight than that of the same men in a private capacity.

A county treasurer, making sale of lands in 1859 for delinquent taxes, was entitled to a fee of twenty-five cents for each certificate executed by him for the use and benefit of the county.

Points and Authorities of Appellant.

I.—The Court erred in deciding and holding, as matter of

law, that the Defendants were not indebted to the Plaintiff in any sum whatever, on account of the matters set out and alleged in the complaint. *Comp Stats.*, *p.* 198, *sec.* 5.

In construing statutes an interpretation must never be adopted that will defeat its own purpose, if it will admit of any reasonable construction. *The Emily and the Caroline*, 9 *Wheat.* 381.

So, also, in construing statutes, the intention of the Legislature must not be defeated, but must be followed whenever it can be discovered, although the construction seems contrary to the letter of the statute. 1 *Pet.*, 64; 2 *Pet.*, 662; 15 *John R.*, 358, 380; 3 *Cow. R.*, 39; 21 *Wend. R.*, 21; *Comp. Stats.*, 239, *sec.* 49, *et seq*; *Comp. Stats.*, 246, *sec.* 94.

The Legislature itself has given the same construction to this statute, for which we contend, and which we deem conclusive of the question. *Chap.* 3, *sec.* 37, *Laws of* 1860.

II.—The Appellant, as treasurer of the county, was authorized to execute to the county the number of certificates executed by him in this case, and collect from the county, as his fees therefor, seventy-five cents for each, and five cents for each additional piece of land included therein. He was the sole agent of the county in the premises. *Comp. Stats.*, *pp.* 198, *sec.* 5; 240, *secs,* 56 & 61; 246, *sec.* 90; *chap.* 3, *sec.* 57, *Laws of* 1860.

III.—The complaint in this case states facts sufficient to constitute a cause of action.

1st. It was not necessary nor even proper for the Plain- tiff to insert the allegations claimed to be wanting in the complaint.

2d. The law always presumes that services, whether rendered by an officer in his official capacity, or by any other party or person, are legally and properly performed, and that all prior acts and things have been done which are necessary to make them so. 12 *Wheaton*, 69-70; 1 *Phil. Ev.*, 3d *Ed.*, 493; *Part* 1, *Cowen & Hill's notes to ib.* 459, *et seq.*, 6 *Minn. R.*, 136.

Points and Authorities of Respondents.

I.—The complaint does not state facts sufficient to

constitute a cause of action in that it does not show that he proceeded with the tax sale according to statute ; but on the contrary, shows affirmatively that he acted in direct violation of the statute.   And, therefore, admitting the complaint to be true, still Plaintiff would not be entitled to recover.

To recover in such a case, we submit a public officer must clearly bring himself within the statute and show that he has acted in all respects in accordance with the statute.   In this case, the Plaintiff's complaint contains not even a general allegation that he proceeded according to law, or any other of similar import.

II.—But Plaintiff was clearly not entitled to recover, even admitting that he proceeded in all respects according to law, for the reason that the statute nowhere gives to the county treasurer any such fee for these services as claimed by the Plaintiff.   *Revised Stats.*, p. 66, sec. 2; *Ib.* 100, sec. 30; *Ib.* p. 63, secs. 7 & 10; *Ib., p.* 65. sec. 6.

It is a well settled rule of interpretation of statutes, that when terms are employed in a new statute which had acquired a definite meaning in a former statute on the same subject, they are presumed to be used in the same sense. *20th Vt.*, 49; *2d Zabr.*, 143.

No Legislature has a right to pass a declaratory or explanatory statute, so as to usurp the judicial prerogative of construction of statutes. *7th Johnson*, 508-9; *27th Maine*, 285.

If the Legislature have omitted to provide for compensation for such services when performed by the county treasurer, that may be a sufficient reason why a subsequent Legislature should amend the law, but certainly is no reason why a Court should step in and allow a fee which the Legislature failed to grant.   A *casus omissus* cannot be supplied by judicial interpretation.   *14th Johnson*, 479; *15th Maine*, 167; *6th Pickens*, 362; *7th Wendell*, 241; *8th Johnson*, 322; *2d Binney*, 279; *9th Porter*, 669; *6th Missouri*, 257.

SEARGEANT & FRANKLIN, Counsel for Appellant.

WILLIAM MITCHELL, Counsel for Respondents.

*By the Court.*—ATWATER, J.—The Appellant was treasurer of Winona county for the years 1858-9, and brought this action to recover the amount of $1,212.75, alleged to be due him from the county upon a sale of lands for delinquent taxes in April, 1859, and executing certificates therefor. The Plaintiff alleges that he executed 1607 certificates for the use and benefit of the county, which embraced and included therein the number of 1757 separate parcels of land ; that the county of Winona became indebted to him thereon in the sum above stated, being the sum of seventy-five cents for each of said certificates, and the sum of five cents for each additional parcel so included in said certificates.

The answer specifically admits all the material allegations of the complaint, including the number of certificates executed, but denies that the certificates embraced 1757 parcels of land. It also denies the amount of the indebtedness claimed in the complaint for the services, but admits an indebtedness for the same of $88.55. The answer also sets up, a counter claim, which was denied by the reply. The cause has been once before the Court, and will be found reported in 6 *Minn.*, 136.

The cause was tried by the Court, and upon the trial thereof, the Plaintiff put in evidence the following stipulation, viz. :

" It is hereby stipulated and agreed by and between the parties to the above-entitled action, that all the facts alleged and charged in the Plaintiff's complaint herein, and each and every one of them, be, upon the trial of this cause, admitted to be true by the Defendants, and that no question or fact shall be submitted or urged before the Court by either party other than that which relates to the amount of fees which the Plaintiff is entitled to recover, under the statute regulating fees in such cases.

Dated June 16, 1860.

" SARGEANT & FRANKLIN,

Plaintiff's Attorneys.

" A. S. SEATON,

County Attorney, for Defendants."

The Plaintiff thereupon rested, and no other evidence was offered by either party. The finding of the Court thereupon is as follows :

" The Defendants offered no evidence, and the Plaintiff offered no other evidence than the above stipulation. *I do, therefore find, as a question of fact,* that all the material allegations of fact in the complaint are true.

*As a question of law,* I find and decide that the Defendants are not indebted to the Plaintiff in any sum whatever on account of the matters set out and alleged in the complaint.

"Thomas Wilson, District Judge."

We had occasion to decide upon the effect of the foregoing stipulation when this cause was before this Court at the former hearing, and it being held of binding force, the issues in the case are thereby reduced to a single one, that of the amount of fees or compensation which the treasurer was entitled to receive for the services specified in the complaint. This view disposes of the objection raised by Respondent, that the Appellant had not proceeded according to law in making these sales, and that the sale being consequently void, the treasurer was entitled to no compensation for his services. If that issue was before the Court, and the premises admitted, we are far from being satisfied that the conclusion would necessarily follow, in view of the allegations and admissions in the pleadings. But it is unnecessary as well as improper for the Court to consider this question, inasmuch as the terms of the stipulation are too plain to admit of a doubt as to the point upon which the parties desire the adjudication of the Court. All questions save one, the parties have settled between themselves, as they had a perfect right to do, and with such settlement the Court cannot and ought not to interfere, save upon good cause shown.

*Sec.* 5 *of Art.* 16, *p.* 198, *Comp. Stat.*, provides that " the county treasurer, on receiving the delinquent tax lists from the several town collectors, shall proceed in all respects as was required by the State [Territorial] statutes of the Register of Deeds in the manner of collecting said taxes, advertising the land, and making sale thereof, and shall account for and pay over the State tax in like manner as hereinbefore required

vol viii.—57

of the sheriff or collector, aad for said services the treasurer shall receive the like compensation as has been allowed to said sheriff or collector." This is the only provision which is cited, bearing directly upon the question of fees permitted to be charged by the treasurer for the services named in the complaint.

The services in the sale of lands for delinquent taxes, which by this act devolve upon the county treasurers, had been previously performed by the register of deeds, as is indicated in the language of the section above quoted. The various duties required of the register in the premises are stated on *p.* 239 *et seq. Comp. Stat.*, and the fees which he was entitled to charge on *p.* 241 *id.*, to wit: for a certificate of the sale of lands, seventy-five cents; and for each additional parcel of land described therein after the first, five cents. It is upon these statutes, substantially, that the Plaintiff bases his claim for the relief demanded in his complaint. And in transferring these duties from the register of deeds to the treasurer of the county, the act is so obscure and indefinite as to the intent of the legislature in providing compensation for the latter, as to occasion not a little perplexity in determining the true construction of the statute.

It will be observed that the last clause of section 5, above quoted, provides that for " said services the treasurer shall receive the like compensation as has been allowed to said sheriff or collector." Who is meant by the " collector " here spoken of? At the time of the passage of this act, there was but one person or officer whose duty it was made by law to collect the taxes in organized counties, namely, the sheriff of the county. In unorganized counties it was the duty of the Governor to appoint a suitable person who should act as assessor and collector of the territorial taxes. *Sess. Laws* 1852, *Comp. Stat.* 236. It is not perceived, however, that the provision with regard to unorganized counties, can have any bearing in determining the true construction cf the statute under consideration.

Among the duties of sheriffs, as prescribed by *sec.* 7, *chap.* 7, *p.* 161, *Comp. Stats.*, it is provided that he " shall collect the county revenue, and pay over to the county treasurer all

sums so collected, and take his receipt therefor, which receipt shall be a sufficient voucher for the board of commissioners to cancel the amount of such assessment roll charged in their books against said collector; and shall keep his office at the county seat, and shall generally do and perform all and singular the duties which are, or hereafter may be authorized by law to be performed by sheriff or tax collector."

In this section there can be no doubt as to who, or what officer is meant by the use of the word "collector"—it is the sheriff. And it is equally clear that the same officer is meant where the word "collector" is used in other statutes relating to the collection of taxes. See act of March 1, 1856, and also January 28, 1858, *Comp. Stat., p.* 236; also in *chap.* 12 *Rev. Stat.,* other instances of the use of the word occur, where it is apparent that the same officer is meant. We therefore conclude that the word "collector," in section 5, above cited, is used synonymously with that of sheriff, and that we must inquire what fees the sheriff received for the collection of taxes, in order to determine what the treasurer should receive in this case.

It is urged by Appellants that an officer by the particular name of "sheriff," or "collector," never was by any statute, state or territorial, authorized to perform the services named in section 5. That the register of deeds was the officer authorized to and who performed them, and who was the collector of the delinquent taxes by sale of the lands.

But although it might be incidental to the sale of lands that more or less taxes would be collected, and the money upon such sale, or redemption therefrom, be paid into the hands of the register of deeds, yet I think it manifest that this officer was not referred to by the use of the word "collector," in the statute under consideration, nor is so spoken of in any statute relating to the collection of taxes. In no case was any warrant issued to him for the purpose of collecting delinquent taxes, and in no section of the act prescribing his duties on the sale of lands for delinquent taxes, is he spoken of as collector. *Comp. Stat., p.* 239. On the contrary, it is provided in section 48 of the act in regard to delinquent taxes on personal property, that he shall make out a warrant, with a list

of such delinquent taxes, and deliver to the sheriff for collection. And in section 53 the moneys paid on the sale of lands are spoken of as being " received," and not " collected " by the register. And section 78 requires the register to deliver an account of the moneys "received" by him on a tax sale. In short he is regarded in the eye of the law as a *receiver*, rather than collector of taxes,—as occupying a position rather of trust, with regard to tax moneys which may be paid to him, than as having any active duties to perform in enforcing their collection, other than those connected with the sale. This view is strengthened by the penalty imposed by section 79 for neglect or refusal to comply with his duties in making out a statement of the tax sale, and the payment over of the money received by him thereon ; which penalties are much more severe than those attached to a failure on the part of the sheriff or collector to perform a similar duty required of him by statute. From all these considerations, therefore, we are driven to the conclusion that *no other officer was referred to by the use of the word* " collector," *than the sheriff.*

It is further urged by Appellant, that the legislature itself has given a construction to the section under which these fees are claimed, and which he deems conclusive of the question. *Sec.* 37 *of chap.* 3, *Sess. Laws* 1860, *p.* 75, provides that " whenever at any sale hereafter to be made of land for delinquent taxes, any lot or tract of land shall be struck off to the county in which said sale is made, no certificate of purchase shall be made out in favor of the county until the board of county commissioners expressly order the same ; and when so ordered, the fee for such certificate shall be ten cents. So, much of chapter 9, section 94 of the Public Statutes as authorized the payment of seventy-five cents for such certificates, is hereby repealed."

If the repeal of the statute named is to be regarded as a construction of that legislature, to the effect that the statute was then in force, and that by virtue of it the treasurer was entitled to the fee therein named, this fact could by no means have the conclusive effect claimed for it by Appellant. It is only the intent of the legislature which enacts a statute that is to govern courts in the construction thereof. The opinion

of a subsequent legislature upon the meaning of a statute, is entitled to no more weight than that of the same men in a private capacity.  7 *John.*, 508.

But it is by no means certain that the legislature of 1860 placed this construction on the statute.  It is at most only an implication from the fact of repealing the same, a thing which the legislature might well have done in view of claims asserted under it, even were it believed that such claims were unauthorized by it.  An argument or inference of this nature must be quite unsatisfactory to a court in determining the true construction of the statute.

It was manifestly the intention of the legislature that the treasurer should receive a compensation for these services—a "like compensation" to that previously allowed the sheriff. It becomes necessary therefore to inquire what compensation the sheriff had been allowed for services pertaining to the same business.

*Section* 16 *of chap.* 7, *p.* 163 *Comp. Stat.*, provides that " the sheriff shall receive the following fees for the collection of the county taxes : four dollars for every hundred dollars by him collected, &c., three per centum commission where goods are destrained, &c.  On all sales of real estate, in all cases where by law sheriffs are authorized to sell the same for taxes, three per centum on the amount for which the same is exposed to sale, and twenty-five cents for each certificate of sale under this article, which are to be added to and estimated in the sum for which any tract of land, or lot, or part thereof, shall be sold."

Now, we are not aware of any provision of law whereby sheriffs were authorized to sell real estate for taxes, and consequently that officer did not in fact receive the compensation in that section provided for the sale of real estate for delinquent taxes.  Nevertheless, a compensation was " allowed " by statute in cases where he should be authorized to sell ; and when the legislature authorized another officer to sell, and has provided that that officer shall receive a compensation therefor, and declared that it should be a "like compensation" to that allowed the sheriff, there is very strong reason to believe that the legislature must have had in view this last clause of

the section above quoted. There could be no "like compensation," unless the services were also like, in nature or degree, or in some measure corresponded. To say that the treasurer should receive the same compensation for these services, that the sheriff received for moneys collected by him on his tax warrants, would be absurd and meaningless, since there could be no likeness of compensation for services so entirely different. But the services contemplated in section 16, above cited, (though in fact not rendered by the sheriff) and for which compensation has been allowed, are of the same kind as those required of the treasurer.

At the time the act was passed prescribing the compensation to be received by the sheriff for the sale of land for taxes, it was probably proposed or supposed that such officer would perform that duty, and hence his fee for certificates of sale was fixed. And although he was not, in fact, authorized to perform this duty, yet the compensation provided therefor might well be taken by a subsequent Legislature, acting upon the same subject matter as the measure of compensation to be received by another officer authorized to perform the same service. It is only by this construction that we can harmonize the manifest intent of the Legislature with the letter and spirit of the statute. By the provision above-named, the treasurer would be entitled to receive twenty-five cents for each certificate executed by him for the use and benefit of the county, and three per centum on the amount for which the lands were exposed to sale. As he has made no claim, however, for the per centage, he cannot recover that item, at least in this action.

It may be admitted that this construction is not entirely free from doubt, neither is any other that can be suggested, and this view seems more reasonable than any which has been presented to the Court by the counsel for the respective parties. This statute seems to have been overlooked, or deemed irrelevant by counsel, as it has not been referred to in the briefs furnished the Court. To hold with the Respondent, that the treasurer is entitled to no compensation for these services (other than his per centage for moneys collected,) would be manifestly contrary to both the spirit and letter of the stat-

ute.  And to adopt the view of the Appellant, that the stat-
ute should read, " the like compensation as has been allowed
the Register of Deeds," would be such a change of language
as the Court would only be authorized to make, from the im·
possibility of making sense or meaning from the language
used, and the clearest proof that the substitution was in ac-
cordance with the intent of the legislature enacting the
statute.   We think the construction above given more nearly
in accordance with both the letter and spirit of the statute
than any other, as well as more just and equitable between
the parties.

The judgment below is reversed, and judgment ordered for
the Appellant in accordance with the above.