Murphy et al. v. The County Commissioners of Steele County.

Order reversed.

---

John H. Murphy et al.,

*vs.*

The County Commissioners of Steele County.

A person having a claim against a county, which has been presented to the Board of Commissioners of such county, and considered and audited by them, and a portion of said claim allowed, and the balance disallowed by said board, can commence an original action against such county, and is not restricted in further proceedings upon said claim to the appeal from the decision of the Board of County Commissioners, provided in *sections* 81 *and* 82, *Tit.* 2, *chap.* 8, *Gen. Stats.*

This action was commenced in the District Court of Ramsey county, to recover the value of certain services, alleged

to have been rendered at the instance of the defendants. The answer, for a second defense, sets out, substantially, that the plaintiffs presented their claim for the services mentioned in the complaint to the Board of County Commissioners of said Steele county; that a portion of said claim was allowed by said board, and a portion disallowed, and that no appeal was taken from the decision of the board. The plaintiffs demurred to this second defence. The demurrer was sustained by the court below, and the defendants appeal to this Court from the order sustaining the same.

Gordon E. Cole for Appellants.

Brisbin & Palmer for Respondents.

*By the Court.*—McMillan, J.—The question presented in this case is, whether a person having a claim against a county, which has been presented to the Board of Commissioners of such county, and considered and audited by them, and a portion of said claim allowed, and the balance disallowed by said board, can commence an original action upon said claim against such county in any of the courts of the State; or is he restricted, in any further proceedings upon said claim, to the mode of appeal from the decision of the Board of County Commissioners in *Secs.* 81, 82, *Title* 2, *Ch.* 8, *Genl. Stat.*, *p.* 113–14.

*Section* 81 provides: "When the claim of any person against a county is disallowed, in whole or part, by the board of County Commissioners, such person may appeal from the decision of such board to the District Court, in the same county, by causing a written notice of such appeal to be filed in the office of the County Auditor within thirty days after the decision appealed from was made, upon giv-

ing security for costs to be approved by the County Auditor.  *  *  *  *  *  *  *

When notice of appeal is filed, as aforesaid, the District Court shall have jurisdiction of the parties, and of the subject matter of the proceeding, and may compel a return to be made in the same manner as in case of an appeal from a judgment of a Justice of the Peace."

*Section* 82 prescribes the proceedings upon the appeal. There is nothing in the statute expressly making this appeal an exclusive remedy, nor do we think there is anything from which it is necessarily inferred that such was the intention of the legislature ; on the contrary, taking the whole statute together, we think the reasonable conclusion is that the appeal was intended as a cumulative remedy. The statute constitutes each county a corporation, which as such can sue and be sued. *Gen. Stat.*, *Ch.* 8, *Tit.* 2, *Sec.* 75, *p.* 113, has prescribed the mode of service of process in any action against a county, *Ib*, *Section* 79 ; and the style in which the county shall be sued, and the mode in which payment shall be collected. *Ib. Sec.* 83. There is nothing in the language of the sections limiting them to any class of actions, or indicating an exception to the ordinary remedy by action in favor of suitors, but all the provisions are general in their character, and applicable to any action against a county, and form a part of the same title and chapter which embraces the sections providing for the appeal.

There is nothing in the nature of either of these remedies antagonistic to the other, both, therefore, can exist at the same time. To give full force to the language of the sections referring to the remedy by action, it must be held to embrace all causes of action against a county, but it would be greatly restricted if the provision relating to the

appeal is construed to be exclusive, while the ordinary meaning can be given to the language providing the appeal, and its full effect secured without limiting that regulating the remedy by action. We think the better construction is, that the appeal is a cumulative remedy, intended for the convenience of all parties; that the parties may come into court in this method, or the plaintiff may resort to his reme-. dy by action, nowithstanding his failure to appeal from the decision. The statutes of New York, under which the decisions of that State relied on by the appellants were made, are materially different from those of our own State.

The Chairman of the Board is authorized in that State to administer an oath to any person concerning any matter submitted to the Board, or connected with their powers or duties. 1 *Rev. Stat., N. Y.*, (*Edmonds' Ed.*) *Ch.* 12, *Title* 2, *Art.* 1, *Sec.* 8, *p.* 340. And it is required that all accounts for county charges of every description shall be presented to the Board of Supervisors of the county, to be audited by them. *Ib. Title* 4, *Sec.* 4, *p.* 358. *In Brady vs. the Supervisors of New York*, Oakley, Ch. J., delivering the opinion of the Supreme Court, referring to the Board of Supervisors, says: "The statute virtually makes this body a board of arbitration, to which all parties having claims against their respective counties other than those of the indefinite character referred to, (such as could not be presented to and examined and allowed by the Board of Supervisors as county charges, for example claims for the malfeasance of county officers, and claims arising from torts for which the county may be liable) and it allows no appeal from their decision. They are a judicial body constituted by law to decide on all matters of account between individuals and the public body composing the county which they represent." And in the same opinion, speaking of *Section*

Murphy et al. v. The County Commissioners of Steele County.

4, *Title* 4, above cited, the same learned Judge says : " The fourth section is peremptory in its terms, that all accounts for county charges shall be submitted to the board ; and it is an essential part of the whole system, framed with the intention that no action at all should be brought against a county for such services." 2 *Sandf. S. C. R.*, 471 ; 10 *N. Y.*, 260.   In the case of *Bingham vs. The Supervisors of Winona County*, 8 *Minn.*, 441, it was held that the District Court had jurisdiction of any claims against the county. The question in that case was not precisely the same as that which arises in the case at bar, but both cases involve the same principle ; and although in some important respects the statutes of this State have been changed since that decision, no change vitally affecting this question has been made.

The order or judgment sustaining the demurrer of the plaintiff to the second defense in the defendants' answer is affirmed.