## BOSWELL *v.* THE BOARD OF COUNTY COMMISSIONERS OF ALBANY COUNTY.

APPEAL FROM COUNTY COMMISSIONERS.—The statutes of Wyoming providing for appeals from decisions of the boards of county commissioners to the district court, refer only to cases first presented to such boards for adjustment and payment.

IDEM.—A person having a claim against a county, is not, by reason of those statutes, prevented from bringing an original action to recover the same in the district court.

IDEM.—He is entitled to a choice of remedies.

ERROR to the Second District Court for Albany County.

The plaintiff in error on the fourth day of August, 1873, filed in the district court of the then first, now second, judicial district, sitting within and for the county of Albany, Wyoming territory, his petition, and on the fifth day of September his amended petition against the board of county commissioners, alleging that plaintiff was the sheriff of Albany county and keeper of the common jail thereof; that said defendant was indebted to plaintiff for the board of prisoners, in the sum of one thousand six hundred and eighty dollars and forty-four cents; that an itemized statement of

account, duly authenticated as by law required, was presented to the then board of county commissioners, and the said board refused to allow the same.

To such amended petition the defendant interposed a demurrer, and for grounds of the same alleged: That the court had no jurisdiction over the subject-matter of the action, because the plaintiff did not appeal from the decision of the board of commissioners; and, as another ground: That the court has no jurisdiction over the persons of the defendant, because suit was brought here on petition and summons instead of by appeal from county commissioners. On these two grounds the court sustained the demurrer. To this ruling of the court the plaintiff then and there excepted.

*M. C. Brown,* for plaintiff in error:

I. It appears that the court sustained the said demurrer on the ground that the plaintiff could only sustain his action by appeal from the decision of the board of county commissioners: Laws Wyoming 1869, 150, 151. The court erred in sustaining the said demurrer, because the said statute before referred to is unconstitutional and void: Organic Act, sec. 9. Appeals only lie from one court to another, from courts of an inferior jurisdiction to higher courts: 1 Bouv. 127; 14 Mass. 414. A court is a body having judicial power; "a place where justice is judicially administered:" Coke Litt. 58, note 8. The board of county commissioners is not a court, and is not vested with judicial power: Laws of Wyoming, 146. That such a body cannot be vested with judicial power: Organic Act, sec. 9. The construction of statutes as to corporate powers—that they must be strictly construed: See 2 Kent, 298; 19 Iowa, 212; 6 Indiana, 403. The statutes creating the board of county commissioners provides that said board may sue and be sued: Laws of Wyoming, 146, 147. There is no provision of our statute for maintaining an action against a court, nor does any such power exist at common law. In this case it is an undertaking by a party to the suit to sit in judgment in its own

behalf. The demurrer can only be sustained on the ground that the act of the board of county commissioners in passing upon the bill was a judicial determination of the matter, and then judgment final, unless appealed from, and a bar to this action: 1 Bouv. 372. What are judgments? : 1 Bouv. 760 *et seq*.

II. If the act of the legislature of 1869 confers on the commissioners judicial power, and creates thereby a court, it is a court of inferior jurisdiction to the district court; there is no limit to its jurisdiction as to the amount involved. There are three judges to sit in judgment. If it is not an inferior court, appeal will not lie: 14 Mass. 414. The statutes of 1869 provide that an appeal may be taken from commissioners to the district court, but it is not the only way.

*C. W. Bramel*, for defendants in error.

The defendants in error rely upon the following general principles which it believes applicable to cases of this character, the construction of statutes and powers of civil or *quasi* corporations:

I. A county is not a corporation, but a mere political organization of certain of the territory within the state, particularly defined by geographical limits for the more convenient administration of the laws and police powers of the state, and for the convenience of the inhabitants. Such organization is invested with certain powers, delegated to it by the state, for the purpose of civil administration, and for the same purpose it is clothed with many characteristics of a body corporate.

II. A county may not improperly be called a *quasi* corporation, for it is in many respects like a corporation.

III. But a county can neither sue nor be sued, except by express power conferred by statute, and in the manner so expressed.

IV. Nor can any of the officers of a county, by virtue of such office, sue or be sued, except as provided by statute.

It follows, therefore, that the only powers to sue, possessed by the board of county commissioners, is conferred upon them by statute. When a claim against a county is created by statute and is to be paid by the county, upon the allowance of the county commissioners, if the claim is disallowed in part by the county commissioners, the remedy of the claimant, if not satisfied with the determination by the commissioners, is to appeal to the district court, and in such a case he cannot sue at common law: 8 Ohio St. 354; 5 Ohio, 490; 13 Ohio St. 388. And such statute is not repugnant to the constitution of the United States and the organic act of the territory: Dillon on Mun. Corp. 55, note 2; 1 Ohio St. 437. 1. Because such appeal saves to the party aggrieved his constitutional right to a jury trial: Dillon on Mun. Corp. 361; Cooley Const. Limitations, 410. 2. In this connection, defendants in error also cite: 18 Wallace U. S. 648.

By Court, THOMAS, J. This cause is brought by writ of error from the district court of the second judicial district for the county of Albany to reverse a decision sustaining the defendant's demurrer to the plaintiff's petition herein.

The petition in the district court alleges that the plaintiff was on and before January 1, A. D. 1870, and for some time thereafter, sheriff of Albany county, Wyoming territory, and the keeper of the common jail of the same; that as such keeper the county became indebted to him in the sum of one thousand six hundred and eighty dollars and forty-four cents for the care and maintenance of prisoners confined in said county jail, and that an itemized account duly verified was presented to the then board of county commissioners, and the said board refused to allow the same. To that petition the defendant interposed a demurrer upon the following grounds:

1. That the court had no jurisdiction over the subject-matter of the action, because the plaintiff did not appeal from the decision of the board of county commissioners.

2. That the court had no jurisdiction over the persons of the defendants, because suit was brought in the district court on petition and summons, instead of the appeal from the decision of the board. The demurrer was sustained. The only question in this case arises from the provisions of the laws of the territory of Wyoming (Laws of 1869, 150–151), which are to the effect that when the claim of any person against a county shall be disallowed by the county commissioners, such person may appeal from the decision of said board by causing a written notice of such appeal to be served on the clerk and chairman of the board within ten days after the rendering of such decision, upon the appellant filing a bond, etc., etc.

It is urged upon the part of the plaintiff in error that this law is invalid, for the reason that if its effect is what it is claimed to be by the defendants in error, it would deprive a party of the constitutional right of a jury trial. It is, however, unnecessary to pass upon that question, as it apparent that the statute referred to only provides a remedy for those whose claims have been disallowed by a board of county commissioners, which may be a more expeditious and less expensive method of procedure than the ordinary mode of procedure, but in no wise prevents a claimant from pursuing the usual course for collecting claims, if he shall deem the same to be best.

The decision of the district court is reversed, and the case remanded for further proceedings.