## SMITH v. BOARD OF COUNTY COM'RS OF OKLAHOMA COUNTY.

No. 6533.  Opinion Filed March 7, 1916.

Rehearing Denied March 28, 1916.

(156 Pac. 186.)

1.  COUNTIES—Employment Contract—Action for Compensation—Petition. The petition in an action against a county to recover for services rendered under an alleged contract of employment which fails to allege what services were agreed to be performed under the contract, or what compensation was agreed to be paid for such services, and which fails to allege what services were performed by the plaintiff pursuant to such contract of employment, does not state a cause of action upon an express contract.

2.  SAME—Quantum Meruit. Plaintiff filed a petition seeking to recover against a county for moneys expended and services rendered under employment by the county attorney, alleged to have been ratified by the county commissioners, but such petition failed to allege when and for what purpose such moneys were expended and of what the services alleged to have been rendered consisted or the time devoted to the performance thereof. Held, that such petition failed to state a cause of action upon a quantum meruit.

(Syllabus by Rummons, C.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Action by W. M. Smith against the Board of County Commissioners of Oklahoma County. Judgment for defendant, and plaintiff brings error. Affirmed.

*Shirk & Danner*, for plaintiff in error.

*John Embry*, Co. Atty., for defendant in error.

Opinion by RUMMONS, C. Plaintiff in error commenced this action in the superior court of Oklahoma county to recover from defendant in error the sum of $375.86 for moneys expended and services rendered by the

Western Detective Agency, under whom he claimed as assignee. Plaintiff in error filed his amended petition, to which the defendant in error interposed a general demurrer. The trial court sustaining the demurrer, plaintiff in error elected to stand upon his amended petition. Judgment was rendered for the defendant in error, to reverse which this appeal is prosecuted. The amended petition sets out three causes of action, the first of which is for moneys expended in the sum of $138.50 in securing evidence against certain persons in Oklahoma county. The second and third causes of action are each for the sum of $110 for services rendered in securing evidence against certain persons in Oklahoma county.

The amended petition alleges generally that prior to and on or about April 1, 1912, and a long time thereafter, there was a prevalence of law violation in Oklahoma county, particularly in Oklahoma City; that such law violation prevailed to such an extent that the regular officials of the sheriff's office and the police officers of Oklahoma City were unable to procure evidence sufficient to convict parties guilty of such violations of the law; that it became necessary for the county attorney to procure evidence of such violations of the law and of the parties guilty thereof by private and independent means and agencies; that the county attorney met with the board of county commissioners of Oklahoma county at one of the regular meetings, and laid before such board of county commissioners the facts aforesaid; that thereupon it was duly moved and seconded that the county attorney be authorized, empowered, and directed to employ the services of private detectives to secure evidence of the violations of the law aforesaid, and to secure evidence against persons guilty

22—56

of violating the penal laws of the State of Oklahoma, and to do all things which in his judgment were necessary to secure said evidence, and that claims for such services should be O. K.'d by said county attorney as to legal charges; that such motion was unanimously adopted, but through oversight was not spread upon the record; that pursuant to such direction and authorization the county attorney secured the services of the Western Detective Agency; and thereafter said agency filed its several claims for services, which claims as to legal charges were first O. K.'d by the county attorney, and which claims were duly and regularly allowed and paid by the board of county commissioners of Oklahoma county; that the board of county commissioners ratified and confirmed the action of the county attorney in his employment of the Western Detective Agency by allowing said claims and ordering the county clerk to issue warrants therefor, which warrants were duly paid; that as a result of the investigations through such agency the county attorney was enabled to and did file informations, and did prosecute to trial causes then pending, and in many instances secured convictions of the persons charged, which convictions would not have been possible had such evidence not been secured, and which evidence could not have been obtained, except in the manner alleged. The amended petition then alleges, in substance, as to each count thereof, that on September 30, 1912, the said Western Detective Agency, by its manager, having performed services as thereinbefore and thereafter set out, filed a claim in the office of the county clerk of Oklahoma county for the respective amounts alleged in each count, which claim as to legal charges was first O. K.'d by the county attorney, and

the claim was rejected by the board of county commissioners on February 7, 1913; that on September 30, 1912, each of said claims was assigned to plaintiff; that copies of the claims filed are attached to the amended petition as exhibits and made a part thereof; that plaintiff in error cannot give the dates between which the services were performed by said Western Detective Agency, but alleges that the amount of each of said claims as shown by the exhibits is and was a fair and reasonable value of services of the kind and character performed at the time, and that the services rendered and performed as shown by the exhibits are the same and identical in character as those performed by said agency prior to the commencement of the services for which plaintiff seeks to recover, and that all claims for services so performed by said agency prior thereto were paid in full, and that at no time thereafter did the board of county commissioners or any member thereof or any one acting in its behalf rescind, withdraw, or recall the authorization theretofore given the county attorney as hereinbefore set out; neither did the county attorney inform said Western Detective Agency to cease such employment; that there is now due plaintiff in error as assignee of said claims the several sums hereinbefore set out, with interest.

It is urged by plaintiff in error that the county commissioners had authority under the circumstances set forth in the amended petition to employ private detectives to assist the county attorney and the sheriff of the county in enforcing the law and in securing the conviction of violators of the penal statutes; that the county commissioners having such authority, even though the employment of the

assignor of plaintiff in error may not have been in accordance with the legal requirements, the fact that the county commissioners accepted the services of the assignor of plaintiff in error constituted a ratification of their employment by the county attorney, and that the county commissioners are estopped from refusing to pay the reasonable value of such services. On the other hand, it is contended by defendant in error that the county commissioners were without authority to contract for the services of private detectives, and that, there being no record of any such contract, there can be no recovery thereon, and, further, that the county commissioners were without authority to delegate their power to contract for the services of a private detective, if they had such power, to the county attorney.

In the view we take of the amended petition, we do not think it necessary for us to determine any of these questions. If it be admitted that the county commissioners had authority to employ the services of private detectives, which we do not decide, the amended petition wholly fails to set forth the contract of employment. Nowhere is it alleged in the amended petition what services the assignor of plaintiff in error agreed to perform, nor what compensation the defendant in error agreed to pay. Nor does the amended petition state a good cause of action in any of the counts upon a *quantum meruit*. The amended petition alleges that the assignor of plaintiff in error filed a claim with the county commissioners for services rendered; that such claim was assigned to plaintiff in error; that plaintiff in error cannot give dates between which the services were performed, but alleges that the amount of said claim was a fair and reasonable value of services

of the kind and character performed at the time, and that the services rendered are of the identical character of those rendered and performed prior thereto, for which payment was made. The exhibits attached to the amended petition do not aid it in any particular, since they are even less specific than the allegations of the amended petition. No attempt was made in filing these claims of the county commissioners to comply with section 1631, Rev. Laws 1910, which provides:

"No account shall be allowed by the county commissioners unless the same shall be made out in separate items, and the nature of each item stated; and when no specific fees are allowed by law, the time actually and necessarily devoted to the performance of any service charged in such accounts shall be specified."

The first count of the amended petition was for money expended, but neither the amended petition nor the exhibit attached thereto set out the items of expenditure or the purpose thereof. The second and third counts were for services rendered, but neither the amended petition nor the exhibits thereto set out the time spent by the assignor of the plaintiff in error in performing such services, nor of what such services consisted. We think the amended petition is totally insufficient in its allegations to show that any services were rendered by the assignor of plaintiff in error. As to the first count, it is wholly insufficient to show that the moneys expended were necessary in the course of the employment; and it is further open to the objection that the county commissioners are alleged to have authorized the employment of private detectives, but there is no allegation that they ever authorized the expenditure of any money.

We think the amended petition was vulnerable to a general demurrer, and that no error was committed by the trial court in sustaining the same.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.