## BOARD OF COUNTY COM'RS OF ATOKA COUNTY v. CYPERT.

No. 7892—Opinion Filed May 22, 1917.

(166 Pac. 195.)

1. **Taxation — Tax Assessor—Compensation —Statute.**

Under section 16, chapter 152, Sess. Laws 1911, the compensation to be paid the county tax assessor was based upon the entire property valuation of the county. In computing the compensation under such statute, the valuation placed upon public service corporations within the county should be included.

2. **Same—Claim for Compensation—Estoppel.**

When the tax assessor presents a claim for alleged balance due on his compensation for the year to the board of county commissioners and the same is disallowed, he is not estopped to maintain an action on the claim so presented and disallowed because of the fact that he has received payment of other claims presented and allowed as a portion of such compensation; it being understood by the board at the time of allowing such claims that they were accepted as part payment of the entire compensation.

3. **Appeal and Error — Harmless Error — Trial Errors.**

If the trial court had jurisdiction of the cause and of the parties, and the undisputed competent evidence would have authorized the court to peremptorily instruct the jury to return a verdict for a sum equal to or greater than the amount awarded by the jury, alleged error arising during the progress of the trial will not be considered, as it cannot be said that such error, if any, was prejudicial.

4. **Judgment—Wrongful Judgment—Conclusiveness.**

If the plaintiff has submitted his cause to a tribunal having jurisdiction to try and pass upon the issues, and has permitted a judgment, though wrongful, to become final because of failure to appeal, he cannot maintain another action; but as to such issues nothing short of a final adjudication thereof by a judicial tribunal of competent jurisdiction can sucessfully be urged as res judicata,

5. **Counties — Judgment — Res Judicata — Board of County Commissioners — Judicial Powers.**

Boards of county commissioners in this state necessarily exercise quasi judicial power, arising from the discharge of their duties and inherent in the nature of their office; but such boards do not exercise purely judicial power. Though not appealed from, the action of such a board in disallowing a claim does not become res judicata.

6. **Same.**

In passing upon claims presented, the members of the board of county commission-

ers act as agents of the county, and the disallowing of a claim is merely the refusal of the county to pay. Being interested, and, under the law, necessary parties to any action by or against the county, they cannot, in the rejection of claims, be said to act as a court.

**7. Same—Action of Board—Appeal—Effect.**

Appeal from the action of the board of county commissioners is a statutory method by which the district court may obtain jurisdiction of the cause and of the parties, and a judicial determination may be had. Such method is not exclusive, and does not preclude the claimant, after the presentation and disallowance of his claim, from beginning an action by the ordinary method of filing a petition and causing issuance and service of summons.

(Syllabus by Stewart, C.)

Error from District Court, Atoka County; Robt. M. Rainey, Judge.

Action by S. T. Cypert against the Board of County Commissioners of Atoka County. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Clark and M. C. Haile, for plaintiff in error.

Jones & McCasland, for defendant in error.

Opinion by STEWART, C. The parties will hereinafter be styled plaintiff and defendant, as they were in the lower court. Plaintiff brought action against the board of county commissioners of Atoka county, Okla., for balance due on compensation of the plaintiff for the year 1913 as tax assessor of Atoka county. Verdict of the jury and judgment of the court was rendered in favor of the plaintiff and against the defendant in the sum of $523.44. Motion for a new trial was duly filed and overruled, and defendant brings error to this court.

The undisputed evidence shows that the plaintiff was tax assessor of Atoka county during the time set forth in plaintiff's petition, and that the assessed valuation of property in such county for the year 1913 was $7,358,918; that the plaintiff, as part of his compensation for said year, received from the county amounts aggregating $1,610 in payment of claims presented monthly to the board of county commissioners during the first six months of said year, on the basis of 75 per cent. of the assessed valuation for the preceding year as authorized by law.

Under section 16, ch. 152, Sess. Laws 1911, the assessor was allowed 5 cents per $100 for the first $2,000,000 assessed valuation, 2½ cents per $160 for the next $3,000,00, 1½ cents per $100 for the next $30,000,000, and

for all above $35,000,000, ¾ of a cent per $100. One of the questions raised in the trial of this case is whether or not in computing the compensation of the assessor, assessed valuation of public service corporations in the county should be included. The case was tried on the 23d day of December, 1914. This court, in Thomas v. Commissioners of Hughes County, 43 Okla. 616, 143 Pac. 665, an opinion rendered October 13, 1914, held that the county assessor was entitled to compensation based upon the entire valuation of the county, including valuation placed on public service corporations. Hence the rule for computing compensation should not have been in dispute at the time of the trial.

The defendant offered no testimony. Under the evidence, the plaintiff could have recovered slightly more than the amount fixed by the verdict of the jury; but the plaintiff has made no complaint in this court. Therefore the fact that the verdict may have been too small will not be considered in this opinion.

A great many captious and technical objections were offered by the defendant during the progress of the trial, most of them being wholly untenable and without merit. In this court the defendant complains that the trial court erred in impaneling the jury from a special venire ordered by the court; that the court erred in making certain remarks during the progress of the trial in the presence of the jury, as being prejudicial to the defendant; that the court erred in the general instructions to the jury; also that there was error of the court in not giving the following special instruction requested by the defendant, to wit:

"Gentlemen of the jury, you are instructed that when any allowance, either in whole or in part, is made upon any claim presented to the board of county commissioners, and is accepted by the person making the claim, such allowance shall be in full settlement of the entire claim."

The general instructions given to the jury fairly charge the law of this case. With reference to the special instruction requested. we find that the undisputed evidence in the case shows that the claim sued upon was duly presented to the board of county commissioners and wholly disallowed. It is true that the monthly claims mentioned in the way of advances on the whole compensation coming to the plaintiff were presented and paid; but the plaintiff has not been allowed or paid any part of the claim sued upon, the same being for the balance due on his compensation. He did not receive any part of

such claim as presented, and is not estopped to urge same against the county. It is said in County of Oklahoma v. Blakeney, 5 Okla. 70, 48 Pac. 101:

"The record shows by the proceedings of the board of county commissioners that the amount allowed and accepted was in partial payment, and intended to be only in partial payment of the claim presented; and we must hold that such partial payment did not deprive the defendant in error of the right to subsequently present his claim for the balance on said account to said commissioners for allowance."

The defendant also raises the question of the jurisdiction of the court over the particular cause, urging that the action of the board of county commissioners in rejecting the claim became, in the absence of appeal, final and res judicata; that therefore an original action cannot be maintained on such claim. The question thus presented is really the only one necessary for this court to consider; for, if the trial court was without jurisdiction, the plaintiff's cause must fail, but, if the trial court had jurisdiction, we think that, under the undisputed evidence, the plaintiff was entitled to recover, and that the trial court should have peremptorily instructed the jury to find for the plaintiff for a greater amount than that awarded by the jury. However, if he has once submitted his case to a tribunal having jurisdiction to try and pass upon the issues, and has permitted a judgment, though wrongful, to become final, he cannot maintain another action.

This court, so far as w have been able to find, has never directly passed upon the particular question raised. However, in a number of cases appealed to this court, actions were begun against counties in the ordinary manner by filing petition and causing the issuance and service of summons on claims presented and disallowed, and in which there was no appeal to the district court from the action of the board disallowing same. The question of res judicata was not raised, and this court decided such appeals on the assumption that the lower court had jurisdiction. Among such cases may be named the following: Huddleston v. Board, 8 Okla. 614, 58 Pac. 749; Board of Commissioners of Garfield County v. Bebb et al., 52 Okla. 18, 152 Pac. 595; Smith v. Board of Commissioners, Oklahoma County, 56 Okla. 672, 156 Pac. 186; Mahr v. Board of Commissioners, Pottawatomie County, 26 Okla. 628, 110 Pac. 751.

Under section 1631, Rev. Laws 1910, it is required that each account allowed by the county commissioners shall be itemized and verified. The commissioners have no authority to pay any claim until such is done. The only authority for appeals from the action of the board of county commissioners is found in section 1640, Rev. Laws 1910, which statute provides in general for allowing an appeal from all decisions of such board upon matters properly before them, and reads in part as follows:

"From all decisions of the boards of commissioners upon matters properly before them, there shall be allowed an appeal to the district court, by any persons aggrieved, including the county, by its county attorney, upon filing a bond with sufficient penalty, and one or more sureties, to be approved by the county clerk, conditioned that the appellant will prosecute his or her appeal without delay, and pay all costs that he or she may be adjudged to pay in the said district court."

We have examined a number of authorities from states whose statutes, like ours, provide for appeal from the action of boards of county commissioners in disallowing claims presented, and are silent as to whether the method by appeal is exclusive or cumulative. With the single exception of the Supreme Court of Nebraska (Brown v. Commissioners, 6 Neb. 111), the authorities examined hold that the action of the board in such matters, though not appealed from, is not res judicata; that the right to appeal and the remedy by independent action are concurrent. The decision in the Nebraska case is based, to some extent, upon the peculiar rule in Nebraska, which permits an ordinary civil action to be maintained in the courts without security for costs. The statutes of Nebraska, like ours, require a cost bond in order to effect an appeal from the board of county commissioners. The court holds that the policy of the laws of Nebraska with respect to ordinary claims against counties is to protect such governmental agencies against the expense and annoyance that would result if original actions were permitted to be brought in such cases. With due respect to the distinguished writer of the opinion, we think the argument in the Nebraska case does not even remotely show that boards of county commissioners in that state are vested with judicial power. It would have been more logical to have argued that the presenting of a claim and an appeal from a disallowance thereof was the only way to give the district court jurisdiction of the county and have the controversy judicially determined. However, the decision would not apply to our statutes, which require security for costs, whatever the method pursued. The following authorities oppose the holding of the Nebraska court: Commissioners v. Brewer, 9 Kan. 308 (210); Gillett v. Commissioners, 18 Kan. 401; Smith et al. v. County of Mo-

have, 2 Ariz. 27, 8 Pac. 160; Reppy v. Jefferson County, 47 Mo. 66; Waitz v. Ormsby County, 1 Nev. 370 (315); Boswell v. Board of County Commissioners, 1 Wyo. 235; Murphey v. County of Steele, 14 Minn. 67 (Gil. 51); Washington County v. Thompson, 13 Bush. (76 Ky.) 239; Rupert v. Board, 2 Idado, 19, 2 Pac. 718; Hedges v. Commissioners, 4 Mont. 280, 1 Pac. 748.

Mr. Justice Valentine, of the Supreme Court of Kansas, in Commissioners v. Brewer, supra, says:

"A claim presented to the county commissioners is simply a claim presented to the county, and a refusal by them to pay it is simply a refusal of the county to pay it. And where a county refuses to pay a claim against it, there seems to be no good reason why it may not be sued as well as any other corporation, or as any individual under like circumstances. It is true that the county commissioners in some cases act in a kind of quasi judicial character, and when they do so act their determinations are final, unless appealed from. But when they allow or disallow a claim against their county—against their principal—they do not act in a judicial capacity. They are not then a court, acting impartially between two contending parties; but they are simply the agents of one of the parties, and acting for such party. It is also true that an appeal is given in all cases from the decision of the board of county commissioners. * * * But no attempt has been made, on account of giving such right of appeal, to abridge the right of the claimant, which he otherwise has, to commence an original suit, where his claim has been disallowed in whole or in part by the board. In such case he has two remedies, either of which he may resort to at his option."

In Murphy v. County of Steele, supra, the Supreme Court of Minnesota says:

"Section 82 prescribes the proceedings upon the appeal. There is nothing in the statute expressly making this appeal an exclusive remedy, nor do we think there is anything from which it is necessarily inferred that such was the intention of the Legislature; on the contrary, taking the whole statute together, we think the reasonable conclusion is that the appeal was intended as a cumulative remedy. The statute constitutes each county a corporation, which as such can sue and be sued."

The other authorities, supra, are to the same effect, and we may say that, not only by statute, but by our Constitution, each county in this state is a body politic and corporate and can sue and be sued. There is nothing in our Constitution or laws that vests the jurisdiction of actions against counties in any other tribunals than those provided for trial of causes against other corporations or persons, nor that inhibits the ordinary right of civil action against them.

There is a distinction between acts that are quasi judicial and those that are purely judicial. A quasi judicial power is one imposed upon an officer or a board involving the exercise of discretion, judicial in its nature, in connection with and as incidental to the administration of matters assigned or intrusted to such officer or board. A good definition of a purely judicial act is found in 4 Words and Phrases, p. 3848:

"A judicial act is an act done by a member of the judicial department of government in construing the law or applying it to a particular state of facts presented for determination of the rights of the parties thereunder."

We do not hold that quasi judicial power may not be exercised by boards of county commissioners. The exercise of such power necessarily arises from the nature of their duties and is inherent in the nature of their office. But to make the action of the board in rejecting a claim res judicata would have the effect of constituting the board a court of original jurisdiction to try any cause of action arising from a disputed claim against the county, irrespective of the amount involved, and would deprive a claimant in an action at law against the county, in so far as the court of original jurisdiction would be concerned, at least, of the constitutional guaranty of a jury trial. In addition, the claimant would be compelled to try his cause before interested and biased judges, with no opportunity to avail himself of his legal and inherent right to disqualify them from sitting. Such a course would be subversive of sound public policy, and would not accord with the genius of our institutions, nor with either the spirit or the letter of our Constitution and laws.

As a rule, courts will not, either originally or on appeal, perform purely ministerial duties. The courts perform only such ministerial acts as of necessity are incidental to and grow out of the exercise of judicial functions. It has been held by this court that, where the statutes authorize it, the courts will entertain appeals from the board of county commissioners involving quasi judicial acts, because such a course does not violate the principle of preserving intact and separate the co-ordinate branches of the government. Parker et al. v. Board Com'rs Tillman Co., 41 Okla. 723, 139 Pac. 981; In re Courthouse, Okmulgee County, Okla., 58 Okla. 683, 161 Pac. 200; Atoka County v. Oklahoma State Bank, 62 Okla. 57, 161 Pac. 1087. Under the holding of Justice Valentine, in Commission-

ers v. Brewer, supra, the rejection of a claim by the board of county commissioners is merely "a refusal to pay," is neither a judicial nor ministerial act. The determination of issues between the county and a claimant is purely judicial, and the power to decide such issues rests only in judicial tribunals. Hence the authorizing of an appeal from the action of the board is merely a statutory method afforded the claimant, which, if pursued, will give the district court jurisdiction of the county—bring the county or its authorized agents into court, so that there may be a judicial ascertainment of the rights of the parties. It does not follow, however, that such method of acquiring jurisdiction of the county is exclusive, or that the statute permitting such procedure does away with the ordinary method of beginning an action by filing petition and causing summons to be issued.

We hold in this case that the district court had jurisdiction of the particular cause and of the persons of the litigants, and that, as a matter of law, under the undisputed evidence, the plaintiff was entitled to the amount adjudged to him. Such being our conclusion, none of the other matters complained of could be prejudicial to the defendant. Therefore it will not be necessary to consider the other questions presented.

The judgment is affirmed.

By the Court: It is so ordered.