**BROADWELL v. BOARD OF COM'RS OF BRYAN COUNTY.**

No. 10447—Opinion Filed May 2, 1922.

Rehearing Denied Jan. 23, 1923.

(Syllabus.)

1. **Counties—Allowance of Claims by Commissioners—Time to Present.**

By virtue of section 1570, Rev. Laws 1910, the county commissioners have no authority to allow an account or claim against the county unless the same is presented to the commissioners within two years after the same accrued; subject, however, to the exception contained in said section.

2. **Same—Appeals from Board—Appellate Jurisdiction.**

Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only, same being confined to the jurisdiction the board had, and none other, to an inquiry, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action at law or equity so as to enlarge the jurisdiction beyond that of the inferior tribunal.

3. **Limitation of Actions — "Accrual of Cause of Action."**

The general rule is, the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result.

4. **Same—Claims Against County—Bar of Statute.**

The plaintiff filed a claim with the board of county commissioners for refund of certain money alleged to have been paid as taxes by different members of the Chickasaw and Choctaw Tribes of Indians upon certain lands that were exempt from taxation. Said claims had been assigned to plaintiff, and disclosed that the payments were made in the years 1909, 1910, 1911, and prior to January 1, 1912. The claim or account was not presented to the county commissioners until the 24th day of March, 1914. Held, under and by virtue of section 1570, Rev. Laws 1910, said claims were barred by the statute of limitations, and the commissioners had no authority to allow the same. Held, further, the cause of action accrued upon each claim immediately after payment of the same to the county treasurer.

Error from District Court, Bryan County; C. E. Dudley, Judge.

Claim by George R. Broadwell disallowed by the Board of Commissioners of Bryan County, and he appealed to District Court. Appeal dismissed, and claimant brings error. Affirmed.

Geo. P. Glaze, for plaintiff in error.

Victor C. Phillips, Co. Atty., and W. L. Boner, Asst. Co. Atty., for defendant in error.

McNEILL, J. This proceeding was commenced by the plaintiff in error by filing with the board of county commissioners of Bryan county a claim in the nature of a petition duly sworn to, to recover from the county certain money, alleged to have been paid by different members of the Choctaw and Chickasaw Tribes of Indians as taxes upon certain lands belonging to the various Indians, which lands were not subject to taxation. All of said claims had been assigned to the plaintiff. There were 1,462 sep-

arate claims, amounting to the total sum of $48,604.07. Plaintiff also sought interest on the claim of $3,440.17 from January 1, 1909, and on $18,100.73 from January 1, 1910, and on $13,672.30 from January 1, 1911, and on $12,390.83 from January 1, 1912. These different items were all filed as one claim on the 27th day of March, 1914. On the 7th day of April, 1914, the board of county commissioners disallowed said claim. The plaintiff served notice as provided by law and took an appeal from the action of the board of county commissioners to the district court of Bryan county.

In the district court a demurrer was filed to the petition or claim by the county, which was overruled by the court. Thereafter an answer was filed, and amended answer was filed. Thereafter the court dismissed the appeal. The plaintiff filed a motion for new trial, which was granted. After the court granted a new trial and reinstated the appeal, the plaintiff filed an amendment to the petition. The defendant then filed a demurrer to the amended petition, and one of the grounds relied upon was that the claim was barred by the statute of limitations. The demurrer was sustained and the court dismissed the appeal.

From the order dismissing the appeal the plaintiff has appealed to this court. The case is presented here upon two questions: First, whether the court erred in dismissing the appeal for the reason the claims were barred by the statute of limitations. The claim filed with the county commissioners showed upon its face that all the items in said claim were due and payable more than two years prior to filing the claim with the county. Some of the claims had been due more than five years. Section 1570, Rev. Laws 1910, provides:

"No account against the county shall be allowed unless presented within two years after the same accrued," etc.

Plaintiff in error contends this statute has no application, for the reason this is not an account within the meaning of the above section of the statute, and in support of that contention cites the case of Com'rs of Saline Co. v. Young, 18 Kan. 44. In the Kansas case the party held a tax-sale certificate, and the statute of that state provided that upon return of the tax certificate, where it was discovered that the land upon which the tax certificate had been issued should not have been sold for taxes, the county treasurer should pay to the holder of the certificate the amount thereof and interest. It can be readily seen under the statute there was nothing for the county commissioners to do with the tax certificate, and mandamus would be a proper remedy to compel the county treasurer to pay the certificate. The Kansas case originated by filing suit against the county in the district court. In that case it was not necessary for the commissioners to make an order for the county treasurer to pay the certificate, but, as stated by the court, the holder of the tax certificate was entitled to his money from the county treasurer when he returned the certificate. The court, in discussing the question of limitations and in referring to the statute, which is the same as section 1570, stated:

"It applies only where it is necessary for the claimant to present his 'account' to the county board to be 'allowed' by them in order that he may obtain a county order on the county treasurer for the amount of his claim. It does not apply where his claim is already liquidated and 'allowed' by law, and where the instrument upon which he draws his money is already issued."

The plaintiff in this case comes squarely within the rule above announced, because it was necessary for him to have some order on the county treasurer that would authorize the payment of his claim, or some judgment of a court; he proceeded before the county commissioners, and it was necessary for his account to be allowed by the commissioners and for him to obtain an order on the county treasurer for the amount of his claim. It was this kind of a claim that the Kansas court said the two-year statute applied to. This is the exact thing that the plaintiff in the instant case was attempting to do. The Kansas court said, first, when a party holds a certificate or any other instrument that requires the treasurer to pay, the statute does not apply, because it is unnecessary to obtain an order from the commissioners before the treasurer can pay the same. The order he has is what authorizes the county treasurer to pay him. The statute applies to those cases where the party has no certificate or other order that the treasurer is authorized to pay, and it is necessary for the party to have an order from the county commissioners authorizing the treasurer to pay the same. If it is necessary for the party to obtain such an order from the commissioners, then the commissioners have no right to allow the claim two years after the same is due.

The plaintiff could not maintain an action for mandamus against the treasurer for his money, as in the Kansas case, but, on the contrary, he has a claim against the county for money paid under protest and duress, and it was necessary to file a claim with the county or commence an original action in the district court against the county for his claim. He saw fit to present his claim to the county, in order to have it allowed by the commissioners and in order that he might obtain an order on the treasurer for the amount of the claim. It was to this class of claims that the Kansas court in the case of Saline Co. v. Young said that section 1570, applied. The Kansas case is against plaintiff's contention, instead of supporting his contention.

The county commissioners disallowed plaintiff's claim. He appealed to the district court as provided in sections 1632 to 1644, Rev. Laws 1910, inclusive. The district court, on appeal, does not take original jurisdiction, but appellate jurisdiction only; this court having announced the law as follows:

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only, same being confined to the jurisdiction the board had, and none other, to an inquiry, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action in equity so as to enlarge the jurisdiction beyond that of the inferior tribunal." Parker v. Board of Com'rs of Tillman Co., 41 Okla. 723, 139 Pac. 891.

See, also, Smith v. Board of Com'rs of Garvin County, 62 Okla. 120, 162 Pac. 463.

The plaintiff had two remedies; he had a right to appeal from the order of the county commissioners disallowing his claim, or he might have commenced an action in the district court by filing a petition and causing issuance and service of summons. See Board of Com'rs of Atoka Co. v. Cypert, 65 Okla. 168, 166 Pac. 195. The plaintiff, however, sought to appeal. This leaves for the consideration of the court whether the county commissioners erred in disallowing this claim. The claims disclosed upon their face that more than two years had transpired from the time of paying the tax until filing the claim with the county commissioners. Then, under section 1570, Rev. Laws 1910, they were barred, and the county commissioners had no authority to allow the same.

The plaintiff, however, contends that his right of action did not accrue until the decision of the Supreme Court of the United State in the case of Choate v. Trapp, 224 U. S. 665, decided May 15, 1912. The plaintiff contends that the state courts had held he was not entitled to any relief prior to that time, and prior to the above decision of the Supreme Court of the United States he could not have successfully maintained his action. In determining when the statute commences to run, he states as follows:

"The true test, therefore, to determine when the cause of action accrued is to ascertain the time when plaintiff could first maintain his action to a successful result."

We think this correctly states the law, and plaintiff could have maintained his action the day the money was paid to the county in each instance. The cause of action accrued on that date. He could have successfully maintained his cause of action on that date, as his claims presented a federal question, and if the facts warranted, although the state courts denied him relief, he could have carried the action to the Supreme Court of the United States and been successful. We know of no rule, and no authority is cited to support the rule, that the statute of limitations does not run against a claim until a court of final resort has adjudged a similar action could be successfully maintained.

We are not called upon to decide, if plaintiff had filed his action originally in the district court or had filed such an action after his claim was disallowed by the commissioners, whether the two-year statute would be applicable, as the question is not presented. When the county commissioners disallowed the claim they simply followed the statute, as they had no authority to allow the claim, for the reason the same was barred.

The plaintiff in error contends that the trial court had no right to consider the demurrer on July 23, 1918, for the reason the court had theretofore overruled the demurrer on August 21, 1914. Plaintiff cites no authority to support this contention. The record disclosed that after the first demurrer was passed upon, plaintiff amended his petition, and defendant filed a demurrer to the amended petition and this was sustained. We think there was no error in sustaining the demurrer.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, JOHNSON, MILLER, and NICHOLSON, JJ., concur.