ORLANDO B. WEIMER ET AL. v. JAMES B. PORTER.

*Tax receipts—Lien for taxes and improvements.*

42   569
97   587

Tax receipts are not evidence to prove a lien for taxes paid on land held under a tax-title; the fact to be proved calls for the assessment rolls.

The lien given by Comp. L., § 1131, for taxes paid on land held under a tax-title, cannot be tried at the same time with an action of ejectment based on the right given by the title. The invalidity of the tax-title must be determined and there must be a judgment for the recovery of the land as against the holder of the title, before the holder can enforce a lien upon the premises for subsequent taxes paid in reliance on it.

Where a tax-title is adjudged invalid in an action of ejectment based thereon, *it seems* that the lien given by Comp. L., § 1131, for taxes paid by the holder of the title, and for improvements, is to be enforced in a supplementary proceeding in chancery.

Error to Clinton.   Submitted Jan. 15.   Decided Jan. 23.

EJECTMENT.   Plaintiffs bring error.

*Randolph Strickland* for plaintiff in error.

*O. L. Spaulding* for defendant in error.

GRAVES, J.   The plaintiffs in error sued in ejectment on certain tax titles, and the case being tried by the circuit judge without a jury, he ruled that they were not valid.

The plaintiffs in error then offered evidence to show that they had paid certain taxes assessed against the land subsequent to their tax-titles, and claimed the right to recover therefor on the trial of the ejectment, under Comp. L., § 1131.[1]   The evidence so offered consisted

[1] (1131.)   SEC. 165.   If any conveyance, made by the Auditor General pursuant to a sale made for non-payment of taxes, shall prove to be invalid and ineffectual to convey title, for any other cause than such as are enumerated in the preceding section, the lien which the State had on such land for its rightful proportion of taxes for State, county, township, and all lawful purposes. shall remain in full force, and shall be transferred by such deed to the grantee and vested in

wholly of tax receipts, and on objection the judge refused to receive it. The ruling was correct. Apart from other objections the treasurer's receipts to the plaintiffs in error were not evidence to charge the defendant in error. The fact to be proved called for the assessment rolls. But there was another difficulty. The claim was not triable at the same time with the ejectment. The statute contemplates that the tax-title asserted by the claimant shall be adjudged against him before he can enforce a lien upon the premises; and it does not imply that in the same proceeding and at the same time when he is asserting an absolute and exclusive title which the law deems *prima facie* valid, he may set up and enforce a lien upon the land for a demand against another.

There must first be a judgment for the "recovery of such land," or against the person holding the tax-title, as preliminary to any other proceeding; and of course the right to prosecute or litigate a claim for subsequent taxes is postponed until the rendition of the judgment. Such claim cannot be prosecuted in the same trial which is terminated by the judgment. The law apparently intends that it shall be a supplementary proceeding and be conducted on the equity side. It is provided that in case default is made in payment, the court shall decree a sale, etc.

---

him, his heirs and assigns, who shall be entitled to recover from the owner of such lands the amount of such legal taxes, together with all the lawful charges, with interest at twenty-five per cent from the date of such sale, and also the amount of all subsequent taxes paid by the person holding such title from the Auditor General, with like interest; and such claim shall be a lien upon such lands, and the same shall be bound for the payment thereof; and, in case judgment shall be rendered against the person holding title from the Auditor General, as aforesaid, for the recovery of such land, in any action of ejectment, or other action, either at law or in equity, the court shall ascertain the amount due to the party holding such tax-deed, for principal and interest, and for all improvements made by him on such lands, and shall decree the payment thereof within such reasonable time as may be determined by such court; and in default of such payment, shall decree that such lands be sold therefor, or sufficient thereof to pay the amount of such improvements, principal and interest, due to the party having such Auditor General's deed: *Provided*, That there shall be no right of redemption of such property after the date of sale.

The relief is to be specific, and the nature of the regulation indicates quite clearly that the remedy was meant to be in chancery, and on the foot of the adjudication against the tax-title.

There was no case before the court for trying any claim for taxes paid by the plaintiffs in error, and the ruling was correct on this ground also.

The judgment must be affirmed with costs.

The other Justices concurred.