St. L., I. M. & S. Ry. v. Alexander.

## St. L., I. M. & S. Ry. v. Alexander.

1. STATUTE OF LIMITATIONS: *Action of tax-purchaser for reimbursement.*

Under Mansfield's Digest, section 5789, no cause of action accrues to a purchaser of lands at a tax sale, for reimbursement, until a court of competent jurisdiction has adjudged that the sale is·invalid ; and the statute of limitations, therefore, runs against the purchaser from the time of such adjudication and not from the date of the sale, or from the time when the period allowed for redemption expires.

2. TAX SALE: *Purchaser's remedy for reimbursement.*

The statute (Gantt's Digest, section 5214,) which provides that if the sale of lands for the taxes due thereon shall prove invalid, " the purchaser shall receive from the proprietor of such land or lot the amount of taxes, interest, penalties and costs of advertising, and the amount of taxes paid thereon subsequent to such sale," and charges the land also with the pamyent of these sums, confers not only the right to enforce a lien upon the land as against the owner, or his vendee, but also the right to a personal judgment against the former owner, or person, who was under legal obligation to pay the taxes and on account of whose default the sale was made.

3. STATUTES: *Repeal of ; Vested right.*

The repeal of a statute providing that if a tax sale of lands shall prove to be invalid, the purchaser shall be entitled to recover from the owner the amount of taxes, etc., paid therefor, and the amount of taxes paid by the purchaser subsequent to the sale, and to have the same adjudged against the land, does not affect a purchaser's right to recover which had vested before the repealing act was passed.

4. PRACTICE IN SUPREME COURT: *Presumption on appeal.*

On appeal from a decree enforcing a tax purchaser's right to reimbursement, and which recites that the tax sale was held to be invalid " for irregularity in the same," it will not be presumed from this recital that the irregularity was at such a time, or of such nature, as to invalidate the penalty and costs.

APPEAL from *Garland* Circuit Court.

J. B. Wood, Judge.

*Dodge & Johnson* for appellants.

1. Plaintiff's right of action accrued on June 11, 1879, two years from date of sale, and unless his action was commenced within three years from that time he is barred. *Section 4478, Mansf. Dig.; ib., sec. 4488.*

2. No personal judgment should have been rendered against the railway company. It denied the ownership of the entire section, and there was no proof to sustain the allegation.

3. It was error to render judgment against the company for the *penalty* and *costs. Mansf. Dig., sec. 5789; 35 Ark., 510; 42 id., 104.*

*L. Leatherman* for appellee.

1. The right of action did not accrue until April 12, 1884, when it was first ascertained that the tax sale was invalid. *Sec. 5789, Mansf. Dig.,* means that the right shall exist—accrue —when a court of competent jurisdiction shall adjudge the sale invalid. The statute does not begin to run until there is a complete and present cause of action. *10 Ark., 228.*

2. The personal judgment against the railway company was right. They were "the proprietors" of the land when the taxes were due and unpaid, and it was their duty to pay them.

3. The judgment for *penalty and costs* was proper. *Mansf. Dig., sec. 5712; 41 Ark., 149, 150.*

Cockrill, C. J. At the Collector's sale for the non-payment of taxes in 1877, Alexander, the appellee, purchased

and received his certificate of purchase for a section of land in Garland county. When the owner's time for redemption had expired, the clerk executed and delivered to him a deed to the land. In 1884, he brought an action of ejectment for the possession of the premises. Exceptions were filed to his deed, which were sustained by the court and his action was dismissed. He then filed his complaint to foreclose the lien for the taxes, penalty and costs, and for the taxes of 1878–9, which he had subsequently paid; and for a personal judgment against the railroad company as the defaulting land owner at the time of sale. The land was condemned, and the personal judgment rendered as prayed. After the tax sale the company sold portions of the land, and its vendees were made parties defendant. They interposed no special defense, but relied upon the railroad to make good its answer. All join in the appeal.

1. STATUTE OF LIMITATIONS: Action of tax purchaser for reimbursement.

I. The company pleaded the three and the five year statutes of limitations as a bar to the action, and the argument is that the cause of action accrued, if not at the date of the tax purchase, then at the expiration of the time allowed for redemption; and, that more than five years having elapsed from the expiration of the time to redeem, before the suit was brought, the remedy was barred.

The right of the purchaser at the tax sale to reimbursement for his outlay, upon failure of his title, is statutory. "If he has received a deed which for any reason is subject to fatal infirmity he will lose what he has paid," unless the statute affords him relief. *Cooley on Tax., p. 546, 5th ed.* Our statute does not undertake to confer upon the tax-purchaser any remedy for reimbursement until the sale at which he has purchased shall "prove invalid." *Mansf. Dig., sec. 5789.* The only method known to the law of proving the invalidity of a sale is by a judicial investigation, and it follows that his cause of action does not accrue until a court of competent jurisdiction has adjudged that the title is bad.

The plaintiff's suit was instituted within a few months after the adjudication in the action of ejectment. The defense of the statute of limitations was not sustained.

II. It is argued that the personal judgment against the railroad is erroneous. The complaint alleged, and the answer did not deny, that the railroad was the owner of the land and failed in its duty to pay the taxes, when the same became due and when the sale was made. The statute in force at the time of the sale, provides that if the sale shall prove invalid " the purchaser shall receive from the proprietor of such land or lot the amount of taxes, interest, penalty and costs of advertising, and the amount of taxes paid thereon subsequent to such sale," and charges the land also with the payment of these sums.

**2. TAX SALE:** Purchaser's remedy for reimbursement.

As was ruled in *Hunt v. Curry, 37 Ark.,* *100, 105,* the railroad company was the " proprietor " of the land, whose default brought about the sale, within the meaning of the statute, and the act confers a personal remedy for the taxes, penalty, interest and costs, against it as such defaulting proprietor.

III. But it is finally urged that this statute was repealed by the provision of the revenue act of 1883, which is digested as section 5789 of Mansfield's Digest, and that this section remits the tax-purchaser to his remedy against the officer whose neglect of duty caused the failure of his title, to recover the penalty and costs of advertising, and that these items cannot be adjudged against the land or the proprietor.

**3. STATUTES:** Repeal of: Vested right.

It is not material to ascertain whether the provision of the act of 1883 which is relied upon was intended to be retroactive in its operation or not. The plaintiff's right to recover all that was adjudged to him had vested before the repealing act was passed. The law in force when the sale was made, regulating its obligations and defining the rights of the purchaser—all the provisions beneficial to him and constituting a material inducement to the purchase—entered into and became a part of his

contract, and so passed beyond the legislative control.    *Cooley on Tax.*, 2d ed., p. 545; *Blackwell on Tax Titles*, 4th ed., 430–1, *299; *Nelson v. Rountree*, 23 Wis., 371; *Louisiana v. Fiske*, 116 U. S., 131.

If the contract can be changed in one particular it can in all, and if the legislature can relieve the proprietor or the land of a part of the obligation to reimburse the tax-purchaser, it can deprive him of the right of reimbursement *in toto.* "To admit such a right," say the Supreme Court of Mississippi in *Moody v. Hoskins*, 1 *Southern Reporter*, 622, "is to concede the power to transfer valuable rights from one to another by the easy process of legislative declaration. * * * This is not legislation but confiscation, and is beyond the power of the legislature."

4. Practice in Supreme Court: Presumption on appeal.    IV.    There is nothing in the case of *Hickman v. Kempner*, 35 Ark., 505, that militates against the right to recover the penalty in this case.    The right was denied in that case because the land-owner was not in fault in the non-payment of his taxes.    See *Cooley on Taxation, 456 et seq., 547.*

The record of the proceedings in the ejectment suit does not disclose for what informality the deed was ruled to be of no legal force.    The decree in this case recites that the sale was held to be invalid " for irregularity in the same."    We will not presume from this that the irregularity was at such a time or of such a nature as to invalidate the penalty and costs. The policy is to favor those who pay taxes upon lands for defaulting owners.    *Hunt v. Curry, sup.*    There can be no doubt of the right of the State to impose the penalty upon the defaulting owner, and it is for him to show that the circumstances were such as to exempt him from the liability.

Finding no error in the record, the decree is affirmed.