ALMON C. BROWN *vs.* AUSTIN CORBIN and another.

May 24, 1889.

**Statute—Purposes for which Corporation may be Formed.**—Gen. St. 1866, c. 34, § 45, as amended by Laws 1873, c. 13, authorized, under the expression "or other lawful business," the formation of corporations for carrying on any kind of lawful business, for pecuniary profit, not elsewhere specially provided for, although not of the same kind as any of those previously enumerated in the section referred to.

**Tax Judgment—Want of Jurisdiction—Evidence.**—Want of jurisdiction of the court to render a tax judgment may be shown by evidence *dehors* the record.

**Same—Failure to Designate Newspaper.**—A tax judgment *held* void for want of jurisdiction, because no newspaper had been designated in which to publish the delinquent list.

**Taxes—Void Sale—Purchaser's Lien for Taxes Paid—Effect of Treasurer's Receipt.**—Where a purchaser at a tax sale, whose title is void, seeks to enforce a lien on the land for the amount of taxes paid subsequent to his purchase, the county treasurer's receipt is only evidence of the fact of payment, but not of the existence of any tax against the land.

Appeal by defendants from an order of the district court for Becker county refusing a new trial after trial by *Mills*, J., without a jury.

*Reynolds & Stewart,* for appellants.

*Harris Richardson,* for respondent.

MITCHELL, J.[1]   This was an action to determine adverse claims to

---

[1] Gilfillan, C. J., being absent because of illness, took no part in this case.

vacant and unoccupied real estate, of which plaintiff claimed to be the owner under the patent title. The answer alleged title in defendant Corbin by virtue of a tax-deed under a judgment rendered in 1874 for the tax of 1873, and further alleged payment by him of taxes for certain subsequent years, and asked that, in case his tax-title was held void, the taxes paid by him should be adjudged a lien on the land. The new matter in the answer was put in issue by the reply. Upon the trial the plaintiff proved his chain of title from the patentee of the United States through an alleged corporation called the "Detroit Townsite & Land Company," organized in April, 1873, under Gen. St. 1866, c. 34, title 2, as amended in 1868, 1869, and 1873, for the purpose, as stated in its articles of association, of purchasing and holding real estate, subdividing the same into town or village lots and townsites, and selling and disposing of the same. The only points made by defendants against this chain of title are: *First*, that there was not at the time of the organization of the company any authority for the formation of corporations for the purposes specified in its articles of association; *second*, that the proper organization was not proved, because it was not shown that the articles were ever published, or any affidavit of their publication filed in the office of the secretary of state.

1. Assuming that defendants were in position to raise these points in this case, we are of opinion that neither of them is well taken. The first point all hinges upon the effect and force to be given to the expression "or other lawful business," as used in the statute referred to. Gen. St. 1866, c. 34, § 45, as amended by Laws 1873, c. 13. As originally enacted, this statute authorized the formation of corporations for various kinds of business specifically enumerated. To these others were added by an amendment in 1868, and still others in 1869. Finally, in March, 1873, it was again amended so as to include a variety of still other kinds of business specifically enumerated, and then adding the general words "or other lawful business." Defendants invoke the rule that when particular words are followed by general ones, the general words are restricted in meaning to objects of the kind particularly enumerated, and therefore that the phrase "or other lawful business" must be limited to a business of

the same kind as those previously enumerated. We think the rule invoked is not applicable, at least in the narrow and restricted sense in which defendants seek to apply it. The kinds of business specifically enumerated bear no common analogy to each other except that they are all for pecuniary profit, and of a strictly private character as distinguished from those to be carried on by *quasi* public corporations authorized to exercise the right of eminent domain. Evidently the expression "or other lawful business" was added as a sort of catch-all, for the purpose of including any kind of business for pecuniary profit not elsewhere provided for, and which might have been omitted from the previous particular enumeration.

2. The plaintiff introduced in evidence a certified copy of the articles of association, filed in the office of the secretary of state; also the record of them in the office of the register of deeds of the county where the principal place of business of the corporation was to be. In any view of the case, the organization of the corporation was sufficiently proved by this evidence, when taken in connection with the curative legislation of Laws 1881, Ex. Sess. c. 62; Laws 1885, c. 156; Laws 1887, c. 132.

3. The tax judgment under which defendants claimed title was clearly void for want of jurisdiction of the court to render it, for the reason that no newspaper had ever been designated in which to publish the delinquent list. This was sufficiently proved by evidence showing that there was no record or file in the office of the county auditor or the clerk of the court of any such designation. This evidence was competent. The right to attack a tax judgment for want of jurisdiction is not limited to cases where the fact appears on the face of the record itself. The statute, as always construed by this court, expressly allows the want of jurisdiction to be proved by any competent evidence *dehors* the record. Laws 1874, c. 2, § 15; Gen. St. 1878, c. 11, § 85; *Eastman* v. *Linn*, 26 Minn. 215; *Chauncey* v. *Wass*, 35 Minn. 1, (25 N. W. Rep. 457, and 30 N. W. Rep. 826.)

4. The contention that defendant Corbin was entitled, under Laws 1874, c. 1, § 138, to a lien on the land for the amount of taxes he had paid, is disposed of by the fact that he offered no evidence to

prove the assessment or levy of any such taxes. As to the tax for 1873 he introduced only the void tax judgment, which clearly proved nothing. As to the taxes for subsequent years he offered nothing except the receipts of the county treasurer. These receipts would be no evidence, in this case, of the levy and assessment of any taxes. As official documents which the law requires the county treasurer to execute they would be evidence of the fact of payment, but nothing more. *Weimer* v. *Porter*, 42 Mich. 569, (4 N. W. Rep. 306;) *Miller* v. *Hurford*, 13 Neb. 13, (12 N. W. Rep. 832.)

Order affirmed.