## J. R. PRESTON ET AL. *v.* SUE BANKS.

1. TAX-TITLE. *Failure to file roll. Cancellation. Re-imbursement.*

    Where the title of a purchaser at tax-sale is canceled because the roll was not filed at the time required by law, he is entitled to charge the land with the amount of the purchase-price and taxes subsequently accrued and paid.

2. SAME. *Re-imbursement. Chancery pleading. Cross-bill.*

    Although, in a suit against the purchaser by the owner to cancel such tax-title, the defendant asserts the right to enforce a charge for the money paid at the tax-sale and taxes subsequently paid, relief as to this cannot be granted him in the absence of a cross-bill praying for it.

3. SAME. *Re-imbursement. Separate suit therefor.*

    In the absence of such cross-bill, a decree canceling the tax-title without providing for re-imbursement will be affirmed, leaving the purchaser to enforce his charge therefor in an independent proceeding.

FROM the chancery court of Quitman county.

HON. W. R. TRIGG, Chancellor.

Bill by appellee, Sue Banks, against appellants, J. R. Preston and W. C. Shackleford, to cancel, as a cloud on her title, a tax-title asserted by defendants. The land in controversy was sold to the state in March, 1880, and again in March, 1881, and purchased in 1887 from the state by appellant, Preston, who conveyed a half-interest therein to Shackleford. Decree for complainant, and defendants appeal. The question involved sufficiently appears from the statement of facts in the opinion.

*I. T. Blount,* for appellants.

On cancellation of a tax-title, the defendant is entitled to an account for the taxes (58 Miss., 628), and this, regardless of the validity of the assessment or sale. 60 Miss., 384; 63 *Ib.*, 590. A vendee from the state is entitled to this relief.

57 Miss., 681; 65 *Ib.*, 357. And this is a condition prece-
dent to the granting of any relief to complainant. 67 Miss.,
108. If the court should hold that a cross-bill is necessary,
this should be made specific, so as to avoid, in a separate pro-
ceeding for re-imbursement, the plea of *res judicata.*

*J. W. & W. D. Cutrer,* for appellee.

There was no cross-bill praying for a decree for the taxes,
and the court could not give the defendants any such relief.
The claim of appellants was canceled, as a cloud on com-
plainant's title, and there was no right to compensation.
*Cochran* v. *Richberger,* 70 Miss., 843.

WOODS, J., delivered the opinion of the court.

The finding by the court below of the facts as to the filing
of the assessment-roll in the year 1879 is correct. It is man-
ifest, from all the evidence, that the assessor of taxes did not
complete and certify and deliver to the clerk of the board of
supervisors the land assessment-roll on or before the first
Monday in July, 1879. By the settled course of decision
in this state, sales made under this roll, by which the re-
spondent claims title to the lands in controversy, are void,
and conferred no title.

The determination of this question, which lies on the
threshhold of the litigation, cuts the case up by the roots,
and renders unnecessary any consideration of any of the other
questions pressed upon our attention, save that only by which
the appellant seeks re-imbursement of the sums paid out by
him in the purchase of the land from the state and in pay-
ment of the taxes which have accrued since the date of said
sales. If the respondent had asserted this demand for affirm-
ative relief, his contention in this particular would be easily
maintainable. But, as the appellant prayed no relief by any
cross-bill, contenting himself by stating, in a paragraph in
his answer to the original bill, his desire for re-imbursement
if the sales should be held void and his title invalid, the only

relief which could possibly be afforded him, in any view which we might take of the powers of a court of equity in the case as made, would be that partial and problematical relief which would be afforded by a decree in favor of the appellee canceling the appellant's tax-title to the lands in controversy, on condition of the re-imbursement of the sums expended by the appellant in his purchase from the state and for the after-accrued taxes.

We express no opinion as to the power of a court of equity to render such decree in the case as it stands; but, powerless to render that full relief to which the appellant is entitled, and by which a charge would be fixed upon the lands for his re-imbursement if he had prayed for affirmative relief by a proper cross-bill, justice to him will be more fully secured by affirming the decree on the case presented to us, and remitting him to an independent proceeding for that full relief which is his right.

*Affirmed.*