CARUTHERS *v.* GREER.

Opinion delivered November 1, 1909.

1. TAXATION—INVALID TAX SALE—REIMBURSEMENT OF TAXES.—Under the act of July 23, 1868, § 72, providing, in effect, that if a tax sale proves to be invalid the purchaser is entitled to receive the taxes paid from the proprietor of the land, and later acts to same effect, those who claim under a tax sale adjudged to be invalid are entitled to recover the taxes for which the land was sold and those subsequently paid down to the time the tax sale was adjudged to be void. (Page 169.)

2. SAME—HOW INVALIDITY OF TAX SALE DETERMINED.—Under the act of July 23, 1868, § 72, and later acts, authorizing a tax purchaser to re-

cover taxes paid by him if the tax sale proves to be invalid, the adjudication as to the invalidity of the tax sale may be made in an action brought by the purchaser to recover the amount of taxes paid on the land. (Page 171.)

3. PLEADING—AMENDMENT TO CONFORM TO ORAL ADMISSION.—Where plaintiff sought to recover taxes paid by him under a tax title, but failed to allege in his complaint that the sale was invalid, his oral admission to that effect at the trial will be treated, on appeal, as equivalent to an allegation, and the complaint will be considered as amended accordingly. (Page 171.)

4. APPEAL—HARMLESS ERROR.—In a suit to recover taxes paid on land by a purchaser at tax sale the defendant cannot complain, on appeal, because the plaintiff's complaint failed to allege expressly that the tax sale was void, since, if it was not void, the plaintiff should have recovered the land itself. (Page 172.)

5. LIMITATION OF ACTIONS—ENFORCEMENT OF LIEN FOR TAXES.—Under the statute authorizing the purchaser of land at a tax sale to sue for recovery of the taxes paid if the sale proves invalid (Kirby's Digest, § 7112), the statute of limitation does not begin to run against the right to recover such taxes until the adjudication of the invalidity of the tax sale. (Page 172.)

Appeal from White Chancery Court; *John E. Martineau, Chancellor;* affirmed.

*John M. Rose* and *Murphy, Coleman & Lewis,* for appellants.

1. In the absence of an express statute affording a remedy, a mere volunteer who pays the taxes on the lands of another can not recover the amount so paid. 17 Wall. (U. S.) 153, 167; 49 Ark. 192; 76 Fed. 673; 99 Fed. 825; 30 Ark. 600; 43 Ark. 521. Appellee does not come within the provisions of § § 2754, 2759, Kirby's Dig., nor even within the provisions of § 7112, *Id.*

2. Appellee cannot recover because there is neither allegation nor proof that the tax sale was invalid. 49 Ark. 192; 37 Ark. 100; 43 Ark. 397; 51 Ark. 397; 30 Ark. 600. He was a mere volunteer. There has been no judicial determination of the invalidity of the tax sale. His claim for taxes paid subsequent to his deed is barred, the last payment having been made more than seven years prior to the commencement of this suit. His remedy, if he had any right to recover, would be an action in the nature of *assumpsit* for money had and received. 47 Ark. 558.

*S. Brundidge, Jr.,* and *H. Neelly,* for appellee.

Appellee and those under whom he claims have paid taxes on the land for more than twenty years under color of title, in good faith believing that they were the owners of the same. Having thus discharged the duty imposed by the State, appellee is subrogated to its lien for the taxes paid. 32 Ark. 539; 41 Ark. 152; 93 U. S. 442; 42 Ark. 92, 77; 55 Ark. 37; 50 Ark. 484; *Id.* 361; 34 Ark. 582; 84 Ark. 593.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of White County against appellants to enforce a lien claimed on a certain tract of land for the amount of taxes paid thereon. He alleges in his complaint that the land in question was sold for taxes of the year 1868 duly assessed against it; that one John A. Cole purchased at the sale, and received a deed therefor; that appellee holds under mesne conveyance from Cole, and that he and those under whom he claims have paid the taxes on the land regularly for each year, with the exception of a few years when he failed to pay by inadvertence, since the said date of sale. The complaint contains the further statement that "the tax sale, under which other lands were sold and bought by Jno. A. Cole at the same time of the purchase of these, has been held by the Supreme Court of Arkansas to be irregular and void, and the plaintiff does not claim title to the lands herein mentioned by reason of said irregularity." The prayer of the complaint is that a lien be declared on the land in favor of the plaintiff for the amount of taxes, aggregating $165, paid as aforesaid by him and those under whom he claims.

The answer of appellants contains a denial of each of the allegations of the complaint except that concerning the adjudication by the Supreme Court of the invalidity of the other tax sales to Cole. Appellants also pleaded the statutes of limitations.

During the progress of the trial, appellee orally admitted in open court "that the tax sale pursuant to which the tax deed was made was void, and that the plaintiff claims no title to the land, and only seeks to recover taxes paid on said land, and to have same declared a lien thereon." This admission was recited in the final decree. Proof was adduced as to the tax sale to Cole, the mesne conveyances from Cole to appellee, and the various payments of taxes made by appellee and those under whom he claims; but no proof was adduced as to the invalidity of the tax sale, fur-

ther than the admission of the appellee as aforesaid made in open court. The court decreed the relief prayed for in the complaint, and an appeal was taken to this court.

Section 72 of the General Revenue Act, approved July 23, 1868, under which the tax sale in question was made, reads as follows: "Upon the sale of any land or town lot for delinquent taxes, the lien which the State has thereon for taxes then due is transferred to the purchaser at such sale; and if such sale proves to be invalid on account of any irregularity in the proceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale is entitled to receive from the proprietor of such land or lot the amount of taxes, penalty and interest legally due thereon, and the amount of taxes paid thereon by the purchaser subsequent to such sale; and such land or lot is bound for the payment thereof." Similar provisions were embraced in the revenue acts of 1871 and 1883 (Kirby's Digest, § 7112), except that the act of 1883 omitted the provision for the recovery of interest and penalty from the specified amounts to be recovered by the purchaser from the proprietor.

In *St. Louis, I. M. & S. Ry. Co.* v. *Alexander,* 49 Ark. 190, the court held that under the act of 1871 the purchaser at a tax sale adjudged to be invalid could, in an action instituted for that purpose, recover a personal judgment against the owner of the land at the time of the sale for the amount of the taxes, penalty, etc., for which the land was sold, and for taxes subsequently paid, and that he was also entitled to a decree against subsequent purchasers condemning the land for the enforcement of the lien. The court said that it was unnecessary to determine whether or not the act of 1883 was retroactive in its operation, inasmuch as the plaintiff's right to recover all that was adjudged to him had vested before the act of 1883 was passed.

It is unimportant to determine that question in the present case, for the reason that if the appellee is entitled, under the act of 1868, which was in force at the time of the sale, to recover the amount of taxes paid prior to the passage of the later acts of 1871 and 1883, he is also entitled to recover under the later statutes the amount of taxes paid since the dates of their respective enactments. The three statutes are similar except as to the recovery of interest, penalty and costs.

It is insisted, however, that these statutes apply only to purchasers åt tax sales, and not to vendees of such purchasers. We do not think that the operation of the statutes was intended to be so circumscribed, for that interpretation would, to a considerable extent, defeat their wholesome effect. The word "purchaser" in the statute was used in a broad sense, meaning any one claiming under a purchase at a tax sale. In *Hunt* v. *Curry,* 37 Ark. 100, Chief Justice ENGLISH, speaking of one of these statutes, said that by the word "proprietor" as used therein was meant the defaulting owner or person under obligation to pay the taxes. "It would be a narrow view of the statute, and not warranted by its language, so to construe it as to confine the lien to the time the land or lot remains in the hands of him who was its proprietor at the time of the tax sale, and to hold that the lien may be defeated by a change of owners." He also declared that "the policy of the State is to favor those who pay taxes upon lands for defaulting owners."

We conclude that under a fair construction of the statute those who claim under a purchaser at a tax sale are entitled to recover the taxes assessed against the land for which it was sold, and the taxes subsequently paid thereon up to the time of adjudication of the invalidity of the tax sale. The purchaser's right of action passes under his deed to his vendee and to subsequent vendees.

It is also contended that there was neither allegation nor proof that the tax sale in question was invalid, and that for this reason the appellee failed to make out his claim under the statute for reimbursement. In *St. Louis, I. M. & S. Railway Co.* v. *Alexander, supra,* the court held in effect that an adjudication of the invalidity of a tax sale is a condition precedent to the right to recover the amount of taxes paid on the land. It is there said: "Our statute does not undertake to confer upon the tax-purchaser any remedy for reimbursement until the sale at which he has purchased shall 'prove invalid.' The only method known to the law of proving the invalidity of a sale is by a judicial investigation, and it follows that his cause of action does not accrue until a court of competent jurisdiction has adjudged that the title is bad."

In that case there had been a prior adjudication as to the invalidity of the tax sale, and the court, when using the above

quoted language, was discussing the question of the statute of limitations, which had been pleaded. The adjudication as to the invalidity of a tax sale may be made in an action brought by the purchaser to recover the amount of taxes paid on the land, for two actions between the same parties concerning the same subject-matter are not required where a single one in which all of the rights of the parties may be adjudicated will suffice.

Now, we think that the decree in this case was in effect an adjudication of the invalidity of the tax sale. Appellee's oral admission was of no force as an admission, but was equivalent to an allegation that the sale was invalid; and the chancellor was warranted in so considering it, and in treating the complaint as amended so as to embrace this allegation. Appellants did not attempt to enter a denial of this allegation, but held to their contention that the appellee, not being the purchaser of the land at the tax sale, was a mere volunteer, and not entitled to reimbursement in any event.

Moreover, we are of the opinion that appellants cannot complain, even if the court had adjudged the invalidity of the sale without either allegation or proof. The appellee neither sought nor obtained a personal decree against them for a recovery of the taxes paid; but he asked only for an enforcement of his lien on the land, which the court granted. Now, if the tax sale was invalid, appellee was the owner of the land, and was entitled to more relief than he obtained; that is to say, he should have recovered the land itself, instead of merely enforcing a lien on it for the amount of taxes paid. So the appellants could not posbly be injured by an adjudication, without sufficient proof, that the tax sale was invalid.

*St. Louis, I. M. & S. Ry. Co.* v. *Alexander, supra,* is decisive of the contention of appellants as to the statute of limitations. The statute, it is held in that case, begins to run from the date of adjudication of the invalidity of the tax sale. As there was no such adjudication prior to the institution of the present case, the statute never began to run against appellee's claim.

Decree affirmed.