BROWN LAND COMMISSIONERS ET AL. V. H. B. & EUGENE
FORD.

[73 South. 722, Division B.]

1. TAXATION. *Tax title. Judgment. Conclusiveness. Void tax sale.
   Actions. Presentation of claim. State's liability to suit. Venue.*
   Where in an action under Code 1906, section 2927, to confirm a tax
   title conveyed by the state there was a decree declaring the
   purchasers title void, such a decree would justify the presenta-
   tion to the auditor of a claim for the purchase money and if the
   auditor should refuse to issue a warrant in payment of the
   claim thus presented then, and not until then, could the pur-
   chaser under section 4800 of the code institute a suit against
   the state.

2. STATES. *Actions. Liabilities to suit.*
   A suit against the land commissioner to recover the purchase
   price of a tax title subsequently declared void is really an action
   against the state, in its sovereign capacity and is controlled by
   section 4800, of Code 1906.

3. SAME.

Under section 4800, Code 1806, requiring suits against the state to be brought in the court having jurisdiction of the subject matter which holds its session at the seat of government, an action against the state to recover the purchase price of a void tax title was improperly brought in Wilkerson county.

4. TAXATION. *Void tax title. Actions. Statute.*

Under section 4801, Code 1906, so providing, a bill to recover from the state the purchase price of a void tax sale cannot be taken as confessed.

Appeal from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by H. B. & Eugene Ford against M. A. Brown, Land Commissioner and the state of Mississippi. From a decree for plaintiff against the state, the defendants appeal.

The facts are fully stated in the opinion of the court.

*George H. Ethridge,* Assistant Attorney-General, for appellants.

*Ackland H. Jones,* for appellees.

STEVENS, J., delivered the opinion of the court.

This appeal is prosecuted by the state of Mississippi and M. A. Brown, land commissioner, from a decree of the chancery court of Wilkinson county awarding a judgment against the state in the sum of fifty dollars for the purchased price of certain land described in the bill, title to which had failed.

Appellees, as complainants in the court below, exhibited their bill in chancery against M. A. Brown, land commissioner, charging the facts following: That in the year 1903 the state, through its land commissioner, conveyed as forfeited tax land to W. H. Black the northwest quarter of section 26, township 2, range 1 west; that the consideration for the patent was fifty dollars;

that Mr. Black, the vendee, conveyed the lands to complainants H. B. & Eugene Ford; that the complainants had before that time in the year 1912 filed a bill in the chancery court to confirm their tax title, and in doing so made the state land commissioner a party defendant; that this first suit was styled *"Eugene Ford et al.* v. *Henry R. Keller et al.,"* being No. 832 on the docket of the said chancery court; that on the hearing of said cause the tax title conveyed by the state was held to be void, being based upon a void assessment made under what is known as the "Madison Act." The prayer of the bill in the present suit is that upon final hearing the complainants be granted a decree "requiring the said state of Mississippi to pay to them the amount of said purchase money with interest and all costs herein." A demurrer was interposed to this bill and by the court overruled. Appellants having declined to answer, complainants applied for and were granted a decree *pro confesso,* and final decree was entered upon the bill of complaint and decree *pro confesso.* This final decree that the complainants "do have and recover of and from the state of Mississippi the said sum of fifty dollars so paid for said land, with six per cent. interest thereon and all costs of this suit." The complainants relied in the court below upon and attempted to justify the relief awarded under section 2927, Code 1906.

This suit is prosecuted without authority of law. It is not a suit to confirm or try title. In the first suit filed by appellees the land commissioner appears to have been made a party defendant, and in that suit the question of the failure of title was determined, and a decree was entered declaring the tax title to be void and of no effect. The prosecution of the first suit was expressly authorized by section 2927 here relied on, and the decree in that case finally adjudicated the invalidity of appellee's title. The decree there rendered would justify the presentation to the auditor of the claim for the purchase money, and if the auditor should refuse

to issue a warrant in payment of the claim thus presented, then, and not until then, could appellees under section 4800 of the Code institute a suit against the state. *Gulf Export Co.* v. *State et al.,* 73 So. 281 (decided December 23, 1916).

While the present action purports to be a suit against the land commissioner, the decree is against the state in its sovereign capacity, and such proceeding must be controlled by section 4800 of the Code. Appellees fail to state a case under the last-named section, sued in the wrong county, and the bill was taken as confessed contrary to section 4801. It necessarily follows that the decree of the court below should be reversed, and a decree entered here dismissing the bill.

Reversed, and decree here for appellants.

*Reversed.*

ETHRIDGE, J., having briefed this case for the state, took no part in the decision.