## HIGHT *v.* GREER.

### Opinion delivered September 27, 1920.

TAXATION—LIEN OF ONE PAYING DELINQUENT TAXES.—The lien created by Acts 1868, p. 245, § 72, in favor of one who purchases land for delinquent taxes at a void tax sale will not be defeated by a subsequent void tax sale; but such lien will be extinguished by a later valid tax sale.

Appeal from White Chancery Court; *John E. Martineau;* Chancellor; affirmed.

*C. L. Pearce* and *J. F. Summers,* for appellant.

1. Appellee was not entitled to a lien for the taxes paid by him. Gantt's Digest, § 5206; 92 Ark. 167. A sale of land for one year discharges the lien for taxes delinquent for prior years. The lien of each year's taxes is paramount and payment discharges previous tax liens. 26 R. C. L. 401; 26 Ann. Cas. 675; 88 Ala. 548; 7 So. Rep. 363; 47 Cal. 9; 101 Ala. 649; 46 Cal. 134; 36 Ia. 505; 98 *Id.* 32; 66 N. W. 1053; 85 S. W. 727; 92 Ark. 167. But the tax sale of 1877, though void, was sufficient to set in motion the statute of limitations. Kirby's Dig., §§ 5061, 5074. Where both tax titles are invalid, better is the position of defendant. 73 Ark. 560.

2. If the tax lien of 1869 was extinguished by the tax sale of 1877, appellee is not entitled to reimbursement for taxes paid after the latter sale. 27 A. & E. Enc. Law (2 ed.), 749. A mere volunteer is not entitled to reimbursement. 37 Cyc. 475.

*Brundidge & Neelly,* for appellee.

The contentions of appellant have been adversely settled by 97 Ark. 167. A purchaser at a tax sale under color of title is subrogated to the lien of the State. 57 Ark. 105, and many others; 41 Ark. 152.

HUMPHREYS, J. Appellant has prosecuted this appeal for the purpose of reversing a decree of the White Chancery Court declaring a lien for $153.32 in favor of appellee on the south half of the northwest quarter of section 29, township 9 north, range 5 west, except one acre out of the southeast corner thereof, for delinquent taxes paid on said land by appellee and his grantors for the years 1868, '69, '70, '71, '72, '73, '74, '75, '76, '87, '91, '92, '93, '94, 1900, '01, '02, '05, '06, '08, '10, '11, '13, '15, '17, under a void tax sale of 1869. Appellant acquired a void tax title to said land through mesne conveyances from Thos. J. Rogers, who purchased same at a void tax sale of 1877, and thereafter acquired title to same by seven years' adverse possession. Appellee obtained a void tax title to said land through mesne conveyances from John A. Cole, who purchased same under void tax sale for the year 1869. Appellee and his grantors in his chain of title paid taxes on said real estate for the years mentioned above. The title to said real estate was vested in appellant by the decree of the chancery court and no appeal has been prosecuted from that branch of the case.

The only question urged by appellant upon this court for consideration is whether or not the lien, declared by the court in favor of appellee for the taxes paid by him under the void tax sale of 1869 and subsequent thereto, was extinguished by the void tax sale of 1877. We are unable to see how a subsequent void tax sale can in any way affect the statutory lien created by the General Revenue Act of 1868 in favor of any one paying taxes upon real estate under a void tax title. The revenue act referred to reads as follows: "Upon the sale of any land or town lot for delinquent taxes, the lien

which the State has thereon for taxes then due is transferred to the purchaser at such sale; and if such sale proves to be invalid on account of any irregularity in the proceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale is entitled to receive from the proprietor of such land or lot the amount of taxes, penalty and interest legally due thereon, and the amount of taxes paid thereon by the purchaser subsequent to such sale; and such land or lot is bound for the payment thereof." In the case of *Hunt* v. *Curry*, 37 Ark. 100, this statute was construed to be a protection to purchasers of void tax titles of taxes paid by them on lands of defaulting owners. The lien was not only declared effective against the land while in the hands of the proprietor at the time of the void tax sale, but in the hands of the proprietor's vendees. The statute in question was again before this court for construction in the case of *Caruthers* v. *Greer*, 92 Ark. 167, and the court said: "We conclude that under a fair construction of the statute those who claim under a purchaser at a tax sale are entitled to recover the taxes assessed against the land for which it was sold, and the taxes subsequently paid thereon up to the time of adjudication of the invalidity of the tax sale. The purchaser's right of action passes under his deed to his vendee and to subsequent vendees." The lien remains in effect until such time as the tax sale is adjudicated to be void, at which time the right to enforce it accrues and continues until barred by the statute of limitations. Of course, this statutory lien in favor of a purchaser at an invalid tax sale for taxes paid by him would be extinguished or lost by a later valid tax sale, just as other liens and incumbrances would be extinguished by such a valid tax sale. The converse of this proposition must necessarily be true. Void tax sales will not extinguish this statutory lien for taxes in favor of those paying them under void tax titles any more than they will extinguish mortgages or judgment liens.

The decree of the chancellor being in accordance with the construction placed upon section 72 of the General Revenue Act approved July 23, 1868, same is affirmed.

SMITH, J., dissenting.