## UNITED STATES v. SOUTHERN SURETY CO. et al.

(District Court, E. D. Oklahoma. October 2, 1925.)

No. 3169.

1. **Municipal corporations ⊂⊃422—Levies for municipal improvements prior to removal of restrictions on Indian homestead held void.**

Levies of taxes for municipal improvements prior to removal of restrictions on lands allotted to half-blood Creek citizen as part of her homestead, under Act March 1, 1901, c. 676, § 7, and Act June 30, 1902, c. 1323, § 16, are void.

2. **Indians ⊂⊃27(1) — United States proper party plaintiff in action to remove cloud illegally placed on title to restricted Indian lands, commenced after removal of restrictions.**

Removal of restrictions against alienation of allotted Indian lands does not preclude the United States from maintaining an action to remove a cloud illegally placed on such title during restricted period.

3. **Limitation of actions ⊂⊃6(1)—Action for recovery of taxes, barred by running of limitations, cannot be revived by Legislature.**

In view of Const. Okl. art. 5, § 52, prohibiting revival of right or remedy barred by lapse of time or by statute (Comp. St. Okl. 1921, § 9739) cannot operate to permit recovery of taxes illegally exacted, where cause of action therefor had been barred by limitation prior to passage of act.

4. **Taxation ⊂⊃543(3)—Limitation for recovery of taxes illegally paid runs from date of payment.**

Where a cause of action arises in favor of a person paying taxes not legally due, the limitation begins to run from the day of payment.

5. **Taxation ⊂⊃543(3)—Limitations do not begin to run against action by assignee of tax certificate to recover illegal taxes until certificate declared void.**

Limitations do not run against right of assignee of a certificate of tax sale issued by county treasurer as result of purchase by county, to recover taxes illegally paid, until after specific adjudication that tax certificate is void.

In Equity. Suit by the United States against the Southern Surety Company and others to cancel tax certificates, and quiet title to lands of a half-blood Indian, in which defendant Surety Company demands relief over against the City of Muskogee. Decree for plaintiff and for the Surety Company as prayed.

O. H. Graves, Asst. U. S. Atty., of Muskogee, Okl.

Allen & Underwood, of Tulsa, Okl., for defendant Southern Surety Co.

John W. Porter, of Muskogee, Okl., for defendant city of Muskogee.

Sam H. Lattimore, of Muskogee, Okl., for defendant county of Muskogee.

WILLIAMS, District Judge. To Josephine Higgins, a half-blood citizen of the Creek Nation, enrolled opposite roll No. 5810 on the approved rolls of citizens by blood of said tribe, was allotted as a part of her homestead the land involved in this action; a tract containing 8.2 acres, more or less, located in Muskogee county, Oklahoma, adjacent to the city of Muskogee, and patent issued. Thereafter, on March 26, 1912, before restrictions were removed against the alienation as to said 8.2-acre tract of land, the council of the city of Muskogee, Oklahoma, passed an ordinance, No. 844, in due form, creating sewer district No. 79, and providing for construction of sewers, and adopting plans, specifications, and all necessary means for the building and completion of sewers therein. Said 8.2-acre tract of land was neither at that time within the boundaries of the city of Muskogee, nor a part of any addition to said city, but by said ordinance was included within the boundary of said sewer district No. 79.

On June 21, 1912, the city of Muskogee let a contract to the Wells-Franklin Construction Company for said sewer construction, and same was built in accordance with such undertaking of said company. On December 31, 1912, by Ordinance No. 893, the city council of said city assessed and levied a special tax against the property included in said sewer district for the payment of said sewer construction. That part of such special tax as was levied against said 8.2 acres remaining unpaid, the city council of said city of Muskogee declared by resolution same to be delinquent and ordered issuance of delinquent tax warrants thereon. In due time and form such tax was duly certified to the county treasurer of Muskogee county, Oklahoma, and by him extended upon the tax records as provided by law. Thereafter, said tax remaining unpaid, the county treasurer advertised the said land for sale at delinquent tax sale for the years 1913, 1914, and 1915, and he as treasurer purchased said land at such sales. On August 11, 1916, certificates issued upon each of said sales to him as treasurer of said county were duly assigned to the defendant, the Southern Surety Company, paying therefor the taxes and penalties accruing up to said date, which certificates said company now holds, and claims thereunder to be the owner of the said land.

Thereafter, and on July 22, 1921, the Secretary of the Interior, by his lawful order, removed the restrictions as to alienation of said 8.2 acres, conditioned that any sale of said land by the allottee, and execution

by her of deed to the purchaser after said sale, was to be made in compliance with the directions of the Secretary of the Interior, as therein provided. On August 3, 1921, after said removal of restrictions, this 8.2-acre tract of land was duly and regularly platted into lots and blocks as the Jefferson Highway addition to the city of Muskogee, Oklahoma; the plat being filed and recorded on August 29, 1921, as provided by law, on the records of Muskogee county, Oklahoma. Said tax sale certificates, having become a cloud upon the title of the said Josephine Higgins, this suit is brought for the purpose of canceling same, clearing the records thereof, and quieting the title to said land, as against any and all claims of any of the defendants herein.

It is the contention of the government that the 8.2 acres, being under restriction against alienation and free or exempt from taxation at the time of the acts complained of, the action of the city council, as to placing it within the sewer district and making such assessments against it, the sale of said land at such delinquent tax sale by the authorities of Muskogee county, and the purchase of the tax warrant by the defendant, the Southern Surety Company, and the recording thereof in the public records of said county, were void and of no force or effect, and created clouds upon allottee's title, which should, by decree of this court, be removed, and her title cleared and quieted against them, or any of them, or any claim arising by reason thereof.

The defendant, Southern Surety Company, by its cross-bill also raises a controversy between it and its codefendants, city of Muskogee and the county of Muskogee, in respect to the money paid by the defendant, said Southern Surety Company, for said tax sale certificates.

[1] The allottee, Josephine Higgins, being granted her homestead, which included the 8.2 acres involved herein, same was restricted as to alienation and exempt from taxation. Act of Congress of March 1, 1901, c. 676, § 7, 31 Stat. 861 (Laws Relating to the Five Civilized Tribes in Oklahoma, p. 339); Act of Congress of June 30, 1902, c. 1323, § 16, 32 Stat. 500 (Laws Relating to the Five Civilized Tribes in Oklahoma, p. 386); Tiger v. Western Investment Co., 221 U. S. 286, 31 S. Ct. 578, 55 L. Ed. 738; Choate v. Trapp, 224 U. S. 665, 32 S. Ct. 565, 56 L. Ed. 941. At all times during the acts complained of herein and prior to July, 1921, the 8.2 acres of land involved herein were a part of the restricted and nontaxable

homestead of the said allottee, but after restrictions against alienation were removed from said 8.2-acre tract, if it was then alienated or conveyed pursuant to the order removing such restrictions, and became a part of an addition to the city of Muskogee, it was then subject to taxation. Sweet v. Schock, 245 U. S. 192, 38 S. Ct. 101, 62 L. Ed. 237. The clouds upon allottee's title complained of were placed thereon while such land was restricted against alienation, and prior to the time that it was made a part of an addition to the city of Muskogee. [2] Under the holding in United States v. Moore (C. C. A.) 284 F. 86, and approved in Locke v. McMurry (C. C. A.) 287 F. 276, and United States v. Smith (C. C. A.) 288 F. 356, the removal of restrictions against the alienation of allotted land does not preclude the United States from maintaining an action to remove a cloud illegally placed on such title during the restricted period. This action is properly brought in the name of the United States.

The United States, as plaintiff, being entitled to have said certificate and assessments on said tract of land canceled, the question arises as to whether recovery may be had by said Surety Company against the city of Muskogee for the amount paid for said certificates, together with interest at the rate of 6 per cent. per annum from that date. The syllabus in Young v. Board of Commissioners of Marshall County, 108 Okl. 27, 233 P. 428, is as follows:

"Purchaser of tax sale certificates against Indian lands not subject to taxation can recover money from county; limitations began to run against right to recover money paid for tax sale certificates issued against Indian lands not subject to taxation with passage of statute giving right to recovery.

"The plaintiff filed his action in the district court to recover certain money alleged to have been paid by him for tax sale certificates issued against Indian lands not subject to taxation, basing his right to recover on section 9739, C. S. 1921. Held, under and by virtue of section 9739, C. S. 1921, where tax sale certificates were, prior to the enactment of said statute, issued against lands not subject to taxation, the purchaser of said certificates may maintain an action to recover his money from the county. Held, further, that his cause of action arose with the passage and approval of this act, and the statute of limitation did not begin to run until the passage and approval of said act."

[3] The Supreme Court of Oklahoma in this decision overlooked section 52, article 5, of

the Constitution of the state, which provides: "The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

If the cause of action in favor of the Southern Surety Company against the treasurer of Muskogee county or the city of Muskogee, on the ground that the tax levy was void, had become barred on account of the running of the statute of limitation prior to the passage of the Act of March 29, 1919, S. L. 1919, p. 292, c. 205, House Bill No. 296; volume 2, c. 84, art. 11, § 9739, Bunn's Compiled Stat. Ann. 1921, which provides that "when land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax-sale certificate issued by the treasurer thereon, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with subsequent endorsements, with interest from date of payment at six per cent. per annum," said act on account of said section 5, of the Constitution, does not apply to such case. If it, however, should be so construed to cover such a case, it would then fall, as being in conflict with said section of the Constitution. [4, 5] Where a cause of action arises in favor of a person paying taxes not legally due to the county, the limitation begins to run from the date of payment. Broadwell v. Board of Com'rs of Bryan County, 88 Okl. 147, 211 P. 1040. If the limitation had run in the instant case, and the bar had fallen prior to the passage of the Act of March 29, 1919, it was not within the power of the Legislature to revive the claim and provide for the same to be paid by the board of county commissioners, or any other agent of the county or city. In the Young Case, as well as in the instant case, the action was not brought by a taxpayer, but by a person holding an assignment of a certificate of a tax sale issued by the county treasurer as a result of a purchase by the county. In such a case it seems that the statute of limitation will not begin to run until after a specific adjudication that the tax certificate is void. Hight v. Greer, 145 Ark. 202, 224 S. W. 610; Caruthers v. Greer, 92 Ark. 167, 122 S. W. 629; St. L., I. M. & S. Ry. Co. v. Alexander, 49 Ark. 190, 4 S. W. 753; Tillotson v. Gage, 97 Mich. 585, 56 N. W. 945; Weimer v.

Porter, 42 Mich. 569, 4 N. W. 306; Coleman v. Los Angeles, 180 Cal. 714, 182 P. 440; Preston v. Banks, 71 Miss. 601, 14 So. 258; Brown v. Ford, 112 Miss. 678, 73 So. 722.

Whilst the reason given for the holding in the Young Case is fundamentally wrong, yet the conclusion reached appears to be correct, as the statute of limitation had not begun to run at the time of the passage of the Act of March 29, 1919. The plaintiff will be awarded the relief prayed for, and the Southern Surety Company, under admitted facts, is also entitled to a judgment against city of Muskogee for $1,573.89, with interest at rate of 6 per cent. per annum from August 11, 1916.

A decree will be so entered.