## MERIWETHER v. BOARD OF COM'RS OF COMANCHE COUNTY.

No. 20153.   Opinion Filed July 7, 1931.

Twyford & Smith, Leo G. Mann, and G. Lee Gibbs, for plaintiff in error.

John W. Tyree, Co. Atty., and W. T. Dixon, Asst. Co. Atty., for defendant in error.

HEFNER, J. This is an action brought in the district court of Comanche county by Gilmer Meriwether against the board of county commissioners .of that county to recover the sum of $446.65, the amount paid to the county by him for the purchase of a tax sale certificate on land sold by the county for taxes and subsequent taxes paid by him thereon.

Plaintiff alleges that the certificate was void because the land which was sold for taxes was restricted Indian land and not subject to taxation.

Defendant in its answer pleaded the statute of limitations, and further alleged that the suit was prematurely brought, in that no claim was ever filed by plaintiff with the board of county commissioners.

The evidence discloses that the county treasurer sold the land in question in the year 1920, for delinquent taxes for the year 1919, and that it was restricted Indian land. The land was bid in by the county, the plaintiff paid the taxes in 1922, and received from the county treasurer a tax sale certificate. He thereafter paid all subsequent taxes on the land up to and including the year 1926. No application was ever made by him for a tax deed. The trial court sustained defendant's plea of limitations as to all taxes paid prior to June, 1923, and overruled it as to all subsequent payments.

Plaintiff contends that the judgment should be reversed for the reason that no part of his claim was barred by any statute of limitations. We agree with this contention. Plaintiff's certificate was not assailed prior to the filing of this suit. At the time the land was sold for taxes, section 9739, C. O. S. 1921, was in force. This section provides:

"When land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax sale certificate issued by the treasurer thereon, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with the subsequent indorsements, with interest from date of payment at six per cent. per annum."

It will be noticed that, while this section gives the purchaser of a tax sale certificate a right to recover against the county in cases of this kind, it provides no time in which the action must be commenced. This section, however, was amended in 1925, chapter 30, Session Laws 1925. The amendment, among other things, provides that actions of this kind must be brought within five years after the purchaser of the tax sale certificate might have applied for and obtained a tax deed, had the sale been valid. The trial court held that prior to the passage of this act, the right of action of the purchaser of a tax sale certificate accrued upon each payment as made to the county treasurer, and that an action to recover the amount paid was barred unless brought within two years from the date of payment, and further held that the action as to all payments made more than two years prior to the passage of the act of 1925, were barred, and sustained the plea of limitation as to such payments, but overruled it as to all other payments, holding the act to 1925 applicable as to such payments. If the two-year statute applied prior to the 1925 enactment, the judgment is correct, as the Legislature cannot, by a subsequent enactment, revive a cause of action already barred; however, if no part of plaintiff's cause of action was barred at the time of the passage of the act, the limitation as therein provided would govern.

In 17 R. C. L. page 672, the following rule is announced:

"Not only may the Legislature, as a general rule, establish a new limitation where none existed before, and make it apply to a cause of action against which there was no such statute in existence when it was created, but it may also change an existing statute, and shorten the periods of limitation, provided a reasonable time is allowed for actions to be brought."

The rule there announced is applicable here with the qualification that the Legislature could not, under section 52, art. 5 of the state Constitution, by changing the period of limitation, revive a cause of action already barred, nor make the change applicable to cases then pending. Atchison, T. & S. F. Ry. .Co. v. Eldredge, County Treas., 67 Okla. 110, 169 Pac. 1071. The case of Broadwell v. Board of Com'rs of Bryan County, 88 Okla. 147, 211 Pac. 1040, is cited in support of the judgment. It is there said:

"The plaintiff filed a claim with the board of county commissioners for refund of certain money alleged to have been paid as

taxes by different members of the Chickasaw and Choctaw Tribes of Indians upon certain lands that were exempt from taxation. Said claims had been assigned to plaintiff, and disclosed that the payments were made in the years 1909, 1910, 1911, and prior to January 1, 1912. The claim or account was not presented to the county commissioners until the 24th day of March, 1914. Held, under and by virtue of section 1570, Rev. Laws 1910, said claims were barred by the statute of limitations, and the commissioners had no authority to allow the same. Held further, the cause of action accrued upon each claim immediately after payment of the same to the county treasurer."

The opinion is based on section 1570, Rev. Laws 1910, being section 5763, Comp. Stats. 1921, which provides:

"No account against the county shall be allowed unless presented within two years after the same accrued; Provided, that should any person having a claim against the county be (at the time the same accrued) under any legal disability, such person shall be entitled to present the same within one year after such disability shall be removed."

We do not think this section applicable to the claim here involved. In the cited case, a restricted Indian paid taxes on his land under protest for the years 1909, 1910, and 1911. He assigned his cause of action to a third party, who thereafter brought action to recover the taxes so paid. The court held the two-year statute applicable, and further held that plaintiff's cause of action accrued on each payment immediately upon payment thereof to the county treasurer. In the instant case, the action is by the purchaser of the tax sale certificate. His right of action is based on section 9739, supra, as amended by the act of 1925. Thereunder a purchaser of a tax sale certificate from the county is held harmless in the event it be thereafter determined that no taxes were due on the land sold. No cause of action accrues under the statute until it is determined that the tax sale certificate is void, or, at least, until the right of the holder thereof to obtain a tax deed is assailed. The statute does not therefore begin to run against the action until that time.

The statute here involved was construed in the United States District Court of the Eastern District of Oklahoma, in the case of U. S. v. Southern Surety Co., 9 Fed. (2d) 664. It is there said:

"Where a cause of action arises in favor of a person paying taxes not legally due to the county, the limitation begins to run from the date of payment. Broadwell v.

Board of Com'rs of Bryan County, 88 Okla. 147, 211 Pac. 1040. If the limitation had run in the instant case, and the bar had fallen prior to the passage of the Act of March 29, 1919, it was not within the power of the Legislature to revive the claim and provide for the same to be paid by the board of county commissioners, or any other agent of the county or city. In the Young Case, as well as in the instant case, the action was not brought by a taxpayer, but by a person holding an assignment of a certificate of a tax sale issued by the county treasurer as a result of a purchase by the county. In such a case, it seems that the statute of limitations will not begin to run until after a specific adjudication that the tax certificate is void. Hight v. Greer, 145 Ark. 202, 224 S. W. 610; Caruthers v. Greer, 92 Ark. 167, 122 S. W. 629; St. L. I. M. & S. Ry. Co. v. Alexander, 49 Ark. 190, 4 S. W. 753; Tillotson v. Gage, 97 Mich. 585, 56 N. W. 945; Weimer v. Porter, 42 Mich. 569, 4 N. W. 306; Coleman v. Los Angeles, 180 Cal. 714, 182 Pac. 440; Preston v. Banks, 71 Miss. 601, 14 So. 258; Brown v. Ford, 112 Miss. 678, 73 So. 722."

This case clearly distinguishes between the case of Broadwell v. Board of Com'rs, supra, and the instant case, and holds that, in actions of this kind brought under section 9739, supra, the cause of action to the purchaser of the tax certificate does not accrue until the validity of the certificate is in some manner challenged. Under these authorities, the court erred in holding part of plaintiff's cause of action barred, as the case is covered by the limitation provided in the act of 1925.

Defendant further contends that the judgment should be sustained for the reason that no claim was presented by plaintiff to the board of county commissioners for allowance prior to the commencement of his action. We do not think it essential to present claims of this character to the board of county commissioners before filing suit thereupon. In the case of Com'rs of Saline County v. J. E. Young, 18 Kan. 440, the following rule is announced:

"Where land has been taxed for several years, and was sold to the county for the taxes of the first year, and the other taxes were charged up against the land, and Y. afterward purchased from the county the tax sale certificate, and afterward the county clerk discovered that the land had belonged all the time to the United States, and was therefore not taxable, and refuses to convey said land to Y. for said taxes; and the county treasurer then, upon an offer to return the tax certificate, refuses to pay back to Y. the amount paid therefor by Y., with interest, etc., held, that the statute which provides that 'no account against the

county shall be **allowed,** unless presented within two years after the same accrued,' does not apply to the claim of Y. for the moneys due him on return of his tax certificate, and hence does not bar said claim of Y. in two years. (Richards v. Com'rs, 28 Kan. 326, 332, 334; Com'rs v. Land Co., 28 Kan. 201.)"

See, also, Board of Com'rs of Rogers County v. Baxter, 113 Okla. 280, 241 Pac. 752.

Under these authorities, it was not essential that plaintiff present its claim for allowance to the board of county commissioners prior to the commencement of his action.

Judgment is reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff for the full amount of his claim.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.