**UNITED STATES** of America, as Guardian and Trustee and ex rel. of the person and Estate of Lulu F. Nichols **NOEL**, Appellant,

v.

**MOORE MILL & LUMBER CO.**, an Oregon corporation, Appellee.

No. 17944.

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1963.

———◆———

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Elizabeth Dudley, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellant.

King, Miller, Anderson, Nash & Yerke, Norman J. Wiener, and Jean P. Lowman, Portland, Or., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

■ The sole question presented by this appeal is whether the United States has capacity to sue as trustee on behalf of Lulu Noel as an Indian ward with respect to Indian allotment lands held by the United States under trust patent.

The District Court for the District of Oregon held that the United States had no capacity and entered its order dismissing the action. We agree with the district court. In support of this order, an opinion was filed by The Honorable Gus J. Solomon, District Judge, which we adopt as the opinion of this court. That opinion reads as follows:

"This case is before the court on the defendant's motion to dismiss the complaint under 12(b), Fed.R. Civ.P. Plaintiff United States is suing on behalf of Lulu Noel, a Coquille Indian, to recover damages for the conversion of logs belonging to her. The complaint charges that the defendant purchased logs and lumber from Fred Marsh during the year 1952 with full knowledge that Marsh was not the owner and had no right to sell the logs and with full knowledge that the logs were owned by Lulu Noel.

"Defendant's motion to dismiss is based on the fact that a fee simple patent on land originally allotted under the General Allotment Act of February 8, 1887 (24 Stat. 388), as amended, was issued to Lulu Noel before the alleged conversion took place. The defendant contends that issuance of the fee simple patent terminated the government's obligation to Lulu Noel and, therefore, the United States has no capacity to maintain this action.

"This is the second action in this court by the government involving these timberlands. In the prior action, the court found that Fred Marsh and others fraudulently induced Lulu Noel to sell her timberlands to them for a grossly inade-

quate sum while the title was still held in trust by the United States. The court held the sale invalid and Marsh a trespasser when, in 1952, he logged off the merchantable timber. Judgment for the plaintiff was entered in the sum of $150,000 but has not been satisfied. The government is now suing the lumber company to whom the timber was sold.

■ "The United States has the capacity to sue on behalf of an Indian for wrongful acts committed with respect to allotted land during the period title is held in trust. Heckman v. United States, 224 U.S. 413 [32 S.Ct. 424, 56 L.Ed. 820] (1912). However, the United States has no capacity to sue where an Indian is defrauded of his land after the trust period has terminated. United States v. Waller, 243 U.S. 452 [37 S.Ct. 430, 61 L.Ed. 843] (1917).

"The cases relied upon by the government in support of the contention that its obligation extends beyond the trust period all involve acts committed during the restricted period. United States v. Moore, 8 Cir., 1922, 284 F. 86; United States v. Southern Surety Co., 8 Cir., 1925, 9 F.2d 664. Here the acts complained of occurred subsequent to the issuance of the patent in fee to Lulu Noel. Moreover, these acts were not committed by a party to the original fraud perpetrated on Lulu Noel or by a party which had any dealings with her prior to the issuance of such patent.

"Defendant's motion to dismiss is granted."

The United States here contends that even though it appears that appellee was not a party to the original fraud and had no dealings with Lulu Noel prior to the issuance of the fee patent, still it is alleged that appellee took the logs with knowledge of the fraud and thus became a party to the over-all fraudulent scheme of which the sale of the logs was an essential part.

These facts may well state a claim for conversion under state law, but cannot justify extension of the trust authority of the United States to include a power to sue on behalf of one no longer its ward with respect to acts of a defendant all of which occurred after the trust had terminated.

Affirmed.